**FILED**
02/24/2025
**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

JOEY KIMBROUGH,

*Plaintiff*,

v.

PROVIDENT TRUST GROUP, LLC,

*Defendant*.

Case No. 1:25-cv-00342-JRS-MJD

Honorable Judge James R. Sweeney II
Magistrate Judge Mark J. Dinsmore

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE OF REMOVAL AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(b)(1)

**COMES NOW**, Plaintiff Joey Kimbrough, appearing pro se, and files this Response in Opposition to Defendant's Notice of Removal and Motion to Remand for Lack of Subject Matter Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1447(c). Plaintiff respectfully shows the Court as follows:

### I. INTRODUCTION

1. This case was originally filed in the Howard County Circuit Court, Indiana, alleging breach of contract, breach of fiduciary duty, and fraud against Defendant Provident Trust Group, LLC.

2. Defendant has improperly removed this case to federal court despite the absence of subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1332.

3. Defendant's removal is a bad faith litigation tactic designed to delay proceedings and evade default judgment in state court.

4. Plaintiff requests that the Court remand this case and sanction Defendant for improper removal under 28 U.S.C. § 1447(c).

5. In the alternative, if this Court finds it has jurisdiction, Plaintiff moves for Default Judgment, as Defendant has failed to file a timely Answer within the required timeframe under Rule 12(a)(1)(A)(i).

## II. LEGAL STANDARD FOR REMOVAL

6. Seventh Circuit precedent mandates that removal statutes are strictly construed against removal, and any doubts regarding jurisdiction must be resolved in favor of remand. (***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**).

7. The burden is on the removing party to establish jurisdiction (***Collins v. N.Y. Cent. Sys.*, 327 F.2d 880, 882 (7th Cir. 1964)**).

8. Federal Rule of Civil Procedure 12(b)(1) provides that a case must be dismissed (or remanded) if the court lacks subject matter jurisdiction.

## III. NO FEDERAL QUESTION JURISDICTION (28 U.S.C. § 1331)

9. Defendant has not identified a federal question that would justify removal under 28 U.S.C. § 1331.

10. Plaintiff's claims for breach of contract, breach of fiduciary duty, and fraud arise solely under Indiana state law.

11. The *well-pleaded complaint rule* holds that federal jurisdiction must appear on the face of the complaint (***Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**).

12. Defendant cannot establish federal jurisdiction by raising a federal defense or asserting that a federal issue may arise (***Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986)**).

## IV. NO DIVERSITY JURISDICTION (28 U.S.C. § 1332)

13. Defendant may argue that removal is proper under 28 U.S.C. § 1332 (diversity jurisdiction), but this argument fails for multiple reasons:

    **a. Diversity of Citizenship**: Defendant, as an LLC, must establish the citizenship of all of its members (***Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003)**). Defendant has not provided any proof of its members' citizenship.

    **b. Amount in Controversy**: Defendant bears the burden of proving that the amount exceeds $75,000 (***McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009)**). Plaintiff disputes any claim that Defendant has properly demonstrated this threshold.

## V. DEFENDANT'S BAD FAITH REMOVAL AND WASTE OF JUDICIAL RESOURCES

14. The Seventh Circuit condemns the use of improper removal as a delay tactic (***Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)**).

15. Defendant removed this case only to avoid default in state court, which is a clear abuse of process.

16. The court should sanction Defendant under 28 U.S.C. § 1447(c) for bad faith removal and award fees and costs.

## VI. IN THE ALTERNATIVE: MOTION FOR DEFAULT JUDGMENT UNDER RULE 55(A)

17. Should this Court determine that it has subject-matter jurisdiction, Plaintiff moves for Default Judgment under Federal Rule of Civil Procedure 55(a).

18. Defendant was served with the Summons and Complaint on January 24, 2025, as explicitly admitted in Defendant's Notice of Removal (Docket 1 - Exhibit A).

19. Under Rule 12(a)(1)(A)(i), a defendant **must** serve an answer within 21 days after being served with the summons and complaint.

20. The 21-day deadline began tolling on January 25, 2025, and expired on February 14, 2025.

21. As of the date of this filing, Defendant has failed to file an Answer, thereby defaulting on any defense they may have had.

22. The word "**must**" in Rule 12(a)(1)(A)(i) imposes a mandatory obligation with no discretion for the Court to excuse Defendant's failure to file a timely response. (*emphasis added*)

23. Defendant cannot use removal as a procedural loophole to avoid default on the claims asserted against it in state court.

## VI. CONCLUSION

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

1. GRANT this Motion to Remand and return the case to the Howard County Circuit Court;
2. IMPOSE sanctions against Defendant for improper removal;
3. AWARD fees and costs under 28 U.S.C. § 1447(c);
4. IN THE ALTERNATIVE, if this Court determines it has jurisdiction, enter Default Judgment against Defendant for failure to file a timely Answer; and
5. GRANT any other relief the Court deems just and proper.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## Certificate of Service

I hereby certify that on February 21st, 2025, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court for Pro Se litigants.

**Distribution:**

All ECF-registered counsel of record

Respectfully Submitted,
/s/ *Joey Kimbrough*