**FILED**

**03/28/2025**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

| | |
|---|---|
| JOEY KIMBROUGH, <br><br> *Plaintiff,* <br><br> v. <br><br> PROVIDENT TRUST GROUP, LLC, <br><br> *Defendant*. | Case No. 1:25-cv-00342-JRS-MJD <br><br><br> Honorable Judge James R. Sweeney II <br> Magistrate Judge Mark J. Dinsmore |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AND LOCAL RULE 7-1(g)**

**I. INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 11 and Local Rule 7-1(g), Plaintiff Joey Kimbrough, appearing pro se, respectfully moves this Court to impose sanctions against Defendant Provident Trust Group, LLC, and its attorneys, Peter G. Rush and Robert H. Bernstein of Greenberg Traurig, LLP. This Motion is supported by three Safe Harbor Notices issued on March 3, 5, and 20, 2025, outlining procedural and ethical violations, and is further substantiated by the Court's own Orders confirming those deficiencies.

**II. BACKGROUND & SAFE HARBOR HISTORY**

Between March 3–20, 2025, Plaintiff notified Defense Counsel of the following violations:

1.  Failure to Update PACER/Attorney Information (Local Rule 83-5(h)):

    *   Attorney Peter Rush has been affiliated with Greenberg Traurig since 2015 but filed his Notice of Appearance (Dkt. 2) under his former firm, K&L Gates LLP.

2. Deficient Rule 7.1 Disclosure (Dkt. 10):

- Failed to identify all members of Provident Trust Group, LLC, violating Docket 4's express order and Federal Rule 7.1.

3. Improper Filing of Answer (Dkt. 13):

- Filed as a scanned PDF in violation of Local Rule 5-1(c);

- Filed using the ECF credentials of Attorney Bernstein, not Rush, in violation of Local Rule 5-7.

4. Procedural Deficiencies in Notice of Removal (Dkt. 1):

- Failed to file complete state court record per Local Rule 81-2(a);

- Omitted separate filing of operative complaint as required by Local Rule 81-2(d).

5. Late Notice of Pending Motions (Dkt. 9):

- Filed six days after removal in violation of Local Rule 81-2(e)(1).

6. Improper Request for Enlargement of Time (Dkt. 7):

- Sought 30-day extension, exceeding 28-day cap under Local Rule 6-1(a);

- Failed to include original or requested deadlines per Local Rule 6-1(c).

Despite formal notices and the 21-day safe harbor period, Defense Counsel failed to withdraw or correct any of these filings.

## III. LOCAL RULE 7-1(g)(2) STATEMENT

Plaintiff attempted to resolve the dispute as follows:

- March 3, 2025: Initial Rule 11 Notice emailed to Defense Counsel;

- March 5, 2025: Second Notice sent, listing additional violations;

- March 20, 2025: Final "Warning Shot" reaffirmed deadline for correction.

These notices satisfy the pre-motion meet-and-confer obligations of Local Rule 7-1(g).

## IV. VIOLATIONS OF FEDERAL RULE 11 & COURT ORDERS

Rule 11(b) prohibits filings made for improper purposes, unsupported by law or fact, or presented without reasonable inquiry. The conduct described violates each of these standards. Further, the Court itself acknowledged and confirmed these issues in the following:

Doc. 16 – Order Denying Pro Hac Vice:

- Confirmed improper scanned filing and use of another attorney's ECF login.

Doc. 14 – Order Granting Extension:

- Found that Defendant's request violated Local Rule 6-1(a) and (c).

Doc. 24 – Order Striking Motion:

- Reiterated the unacceptability of repeated scanned filings under Local Rule 5-1(c).

These judicial findings directly validate Plaintiff's Safe Harbor allegations.

## V. VIOLATIONS OF INDIANA PROFESSIONAL CONDUCT RULES

As stated in Plaintiff's notices, Defense Counsel's conduct also violates:

Rule 3.3 – Candor Toward the Tribunal:

- Misleading the Court with outdated firm affiliations and jurisdictional defects.

Rule 3.4 – Fairness to Opposing Party and Counsel:

- Submitting filings that violate procedural mandates and prevent proper assessment of diversity.

Rule 8.4 – Misconduct:

- Engaging in conduct involving dishonesty and prejudicial to justice, including forum manipulation and refusal to correct errors.

These issues warrant disciplinary referral.

**VI. PERSUASIVE AUTHORITY ON SANCTIONABLE CONDUCT BY COUNSEL**

Plaintiff respectfully draws the Court's attention to the recent *Report and Recommendation* issued by Magistrate Judge Mark J. Dinsmore in *Mid Central Operating Engineers Health and Welfare Fund v. HoosierVac LLC*, **Case No. 2:24-cv-00326-JPH-MJD** (S.D. Ind.), where the Court recommended sanctions of $15,000 against an attorney for submitting multiple briefs that contained false legal citations generated by artificial intelligence. Despite acknowledging a lack of intent, the Court found the conduct violated Federal Rule 11(b) and Indiana Rules of Professional Conduct 1.1, 3.1, and 3.3.

Notably, the Chief Judge of this District, Hon. Tanya Walton Pratt, issued a formal Order of Reference to the Indiana Attorney Disciplinary Commission for further investigation and prosecution of the misconduct, pursuant to Local Rule of Disciplinary Enforcement 2(a)(1).

While the factual circumstances differ, the central issue is identical: blatant violations of procedural and ethical rules that mislead the Court and burden the administration of justice. In this case, the misconduct is arguably more egregious. Unlike in *Ramirez*, where the attorney claimed ignorance and eventually admitted error, Defense Counsel here:

- Were alerted to their violations on three separate occasions;

- Refused to withdraw or amend filings after being notified in good faith;

- Violated clearly established local rules, despite prior admonishment from the Court in this same matter;

- Engaged in conduct directed at a pro se litigant, increasing the imbalance and prejudice caused.

Plaintiff prays that Magistrate Judge Dinsmore will apply the same principled standards he articulated in *Ramirez* and acknowledge that this case presents a more flagrant disregard for

procedural and ethical obligations. As emphasized in *Ramirez*, "[a]n even more important purpose [of Rule 11] is deterrence." That purpose is doubly vital where a pro se party is subject to misleading and obstructive litigation tactics.

## VII. CONCLUSION

Plaintiff provided ample notice, specific correction opportunities, and detailed procedural citations, all of which were ignored. The pattern of misconduct is now confirmed by three separate court orders. For the integrity of these proceedings and in the interest of justice, sanctions and disciplinary referral.

## VIII. RELIEF REQUESTED

Plaintiff respectfully requests:

1. Sanctions against Defendant and its counsel for violating Rule 11;

2. Striking of the following:

   - Dkt. 1 (Notice of Removal)

   - Dkt. 2 (Notice of Appearance)

   - Dkt. 9 (Notice of Pending Motions)

   - Dkt. 10 (Rule 7.1 Disclosure)

   - Dkt. 13 (Answer)

3. Referral of Attorneys Rush and Bernstein to the Indiana Supreme Court Disciplinary Commission;

4. Reimbursement of fees and expenses under Rule 11(c)(2) incurred for preparing and filing this motion;

5. Any further relief this Court deems appropriate.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## Certificate of Service

I, Joey Kimbrough, hereby certify that on March 28, 2025, a true and correct copy of the foregoing *PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AND LOCAL RULE 7-1(g)* was filed with the United States District Court for the Southern District of Indiana and served upon all registered counsel via the Court's CM/ECF electronic filing system.

**Distribution:**

All ECF-registered counsel of record

Respectfully Submitted,
/s/ *Joey Kimbrough*

**EXHIBIT "A"**



**joey kimbrough**
3-3 Safe Harbor Notice (Kimbrough v. Provident Trust Group LLC)
To: bernsteinrob@gtlaw.com,   Cc: bernsteinrob@gtlaw.com

Sent – Yahoo!   March 3, 2025 at 4:27 PM

Details

Mr. Rush,

Hope this finds you and the team well!  I have attached a Safe Harbor Notice.  Please confirm receipt and if a formal meet and confer is needed I would be happy to entertain some dates/times.

Best Regards,

Joey Kimbrough

> 3-3 Safe Harbor Notice .pdf (PDF)

**joey kimbrough**
Plaintiff's Second Rule 11 – Safe Harbor Notice
To: rushp@gtlaw.com,   Cc: bernsteinrob@gtlaw.com

March 5, 2025 at 9:15 PM

Details

Counsel,

Hoping this finds you and the team well!

As always please let me know if a formal meet and confer is needed.  If not, then this email will serve the same purpose for future filing(s).

Regards,
Joey

> 3-5 Second Notice – Rule 11 Safe Harbor… (PDF)

**Joey Kimbrough**
Re: Plaintiff's Second Rule 11 – Safe Harbor Notice
To: rushp@gtlaw.com,   Cc: bernsteinrob@gtlaw.com

March 20, 2025 at 10:22 AM

Details

Counsel,

Hoping this finds you and the team well!  This email is sent in good faith and as reminder that on Wednesday March 26, 2025, I will be filing a Motion for Sanctions as outlined in the Safe Harbor Notices sent March 3, 2025, and March 5, 2025, pursuant to Rule 11 and Local Rule 7-1(g).

It is my belief that none of the deficient filings that were pointed out in good faith have not been rectified.

If you should need any clarification or would like to jump on a call please let me know.  This is my final good faith correspondence regarding the deficiencies.

Best Regards,
Joey

Sent from my iPhone

> On Mar 5, 2025, at 9:15 PM, joey kimbrough <joeykokomo2002@yahoo.com> wrote:
>
> Counsel,
>
> Hoping this finds you and the team well!
>
> As always please let me know if a formal meet and confer is needed.  If not, then this email will serve the same purpose for future filing(s).
>
> Regards,
> Joey
>
> <3-5 Second Notice - Rule 11 Safe Harbor Notice.pdf>

**To:**

**Peter G. Rush** (rushp@gtlaw.com)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Phone: (312) 456-8400

**CC:**

**Robert H. Bernstein** (bernsteinrob@gtlaw.com)
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Phone: (973) 360-7946
Fax: (973) 295-1362

**Date: March 3, 2025**

**Re: Notice of Potential Sanctions for Violations of Federal Rule of Civil Procedure 11 and Local Rule 7-1(g)**

Attorney Rush,

Pursuant to Federal Rule of Civil Procedure 11(c)(2) (*Safe Harbor Provision*) and Local Rule 7-1(g) of the Southern District of Indiana, this email serves as formal notice that Plaintiff intends to file a Motion for Sanctions against you for filing procedurally improper and misleading documents in the above-captioned matter. You have 21 days from today's date (until March 24, 2025) to withdraw or correct the identified filings before a motion for sanctions is filed.

## Grounds for Sanctions

### 1. Failure to Comply with Local Attorney Registration Rules

- The Southern District of Indiana mandates that attorneys update their PACER registration within five (5) business days of any change in employment and file a Notice of Change of Information in each pending case.

- Despite this requirement, you remain listed as affiliated with K&L Gates LLP, despite having been with Greenberg Traurig LLP since March 2015, as confirmed by your LinkedIn profile.
- Your Notice of Appearance (Dkt. 2) and all subsequent filings were submitted under an incorrect law firm affiliation, violating court rules.

## 2. Failure to Properly Disclose Diversity Jurisdiction in Compliance with FRCP 7.1

- Docket 4 explicitly mandates that parties in diversity jurisdiction cases must file a statement disclosing all members and their citizenship at the time of removal or first appearance.
- Your Rule 7.1 Disclosure Statement (Dkt. 10) is both untimely and deficient, failing to disclose all members of Provident Trust Group, LLC, thereby preventing a proper assessment of diversity jurisdiction.
- Even if Dkt. 10 had fully disclosed diversity, it remains procedurally invalid because it was not filed at the time of removal or first appearance, as explicitly required by Docket 4.

## 3. Seventh Circuit Precedent Prohibits Such Deficient Jurisdictional Disclosures

- The Seventh Circuit has repeatedly condemned improper diversity disclosures, stating:

  > "Once again, litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money." ***Belleville Catering v. Champaign Market Place*, 350 F.3d 691, 692 (7th Cir. 2003)**.

- The Court has further held that failure to identify LLC members is fatal to jurisdiction, requiring remand to state court.
- Your deficient removal petition and Rule 7.1 disclosure constitute a failure to comply with well-established precedent.

## Requested Actions to Cure the Deficiency

To avoid a formal Motion for Sanctions under Rule 11, you must, within 21 days from today's date (by March 24, 2025):

1. Withdraw all procedurally improper filings, including your Notice of Removal (Dkt. 1), Notice of Appearance (Dkt. 2), and the deficient Rule 7.1 Disclosure Statement (Dkt. 10).

2. File a corrected and complete Rule 7.1 Disclosure Statement immediately, disclosing the full citizenship of all members of Provident Trust Group, LLC, including any sub-LLCs or entities contributing to its citizenship.

3. File a Notice of Change of Information in PACER and in this case reflecting your correct law firm affiliation.

Failure to take these corrective actions within 21 days will result in Plaintiff filing a formal Motion for Sanctions under Rule 11(c) and seeking attorney disciplinary referral for violation of Local Rule 7-1(g).

## Next Steps & Good Faith Compliance

Please confirm receipt of this notice and advise whether you intend to take the necessary corrective actions. If you wish to discuss this matter further before a motion is filed, Plaintiff is willing to confer in good faith in accordance with Local Rule 7-1(g).

Sincerely,

**Joey Kimbrough**
Pro Se Plaintiff
1712 Candy Court South
Kokomo, IN 46902
Phone: (765) 437-8451
Email: joeykokomo2002@yahoo.com

**To:**

    **Peter G. Rush** (rushp@gtlaw.com)
    Greenberg Traurig, LLP
    77 West Wacker Drive, Suite 3100
    Chicago, IL 60601
    Phone: (312) 456-8400

**CC:**

    **Robert H. Bernstein** (bernsteinrob@gtlaw.com)
    Greenberg Traurig, LLP
    500 Campus Drive, Suite 400
    Florham Park, NJ 07932
    Phone: (973) 360-7946
    Fax: (973) 295-1362

**Date: March 5, 2025**

**Re: Second Notice – Safe Harbor Rule 11: Procedural Violations and Pending Sanctions**

Attorney Rush and Attorney Bernstein,

Pursuant to Federal Rule of Civil Procedure 11(c)(2) (Safe Harbor Provision) and Local Rule 7-1(g) of the Southern District of Indiana, this email serves as a Second and Final Notice regarding procedural violations and misconduct in the above-captioned matter.

Despite the previous notice, you and your firm continue to maintain procedurally improper, misleading, and non-compliant filings before this Court. Accordingly, you have 21 days from today's date (until March 26, 2025) to withdraw or correct these deficiencies before Plaintiff proceeds with a Motion for Sanctions and a Verified Complaint to the Indiana Supreme Court Disciplinary Commission.

**Grounds for Sanctions and Disciplinary Complaint**

1. Failure to Comply with Local Attorney Registration and PACER Rules

- **Violation**: The Southern District of Indiana requires attorneys to update their PACER registration within five (5) business days of a change in employment and file a Notice of Change of Information in each pending case.

- **Deficiency**:

- You remain listed under K&L Gates LLP, despite being affiliated with Greenberg Traurig LLP since March 2015.
- Your Notice of Appearance (Dkt. 2) and all subsequent filings contain an incorrect law firm affiliation, violating court rules.

**2. Filing of Procedurally Defective Answer (Dkt. 13)**

- Violation:
  - **Local Rule 5-1(c)**: Documents must be converted directly to PDF rather than scanned. Dkt. 13 appears to be a scanned document, violating electronic filing rules.
  - **Local Rule 5-7**: The ECF login credentials used must match the signing attorney's name.
  - Dkt. 13 was signed by Attorney Peter Rush but filed using Attorney Robert Bernstein's credentials, with no permission statement included.
- **Deficiency:**
  - The Court has already condemned similar violations in Dkt. 16, confirming the improper filing practices used by your firm.

**3. Failure to Properly Disclose Diversity Jurisdiction in Compliance with FRCP 7.1**

- **Violation**:
  - Docket 4 requires that diversity jurisdiction must be properly disclosed at the time of removal or first appearance.
  - Your Rule 7.1 Disclosure Statement (Dkt. 10) is untimely and incomplete, failing to disclose all members of Provident Trust Group, LLC, thereby preventing a proper assessment of jurisdiction.
- **Deficiency:**
  - Seventh Circuit precedent mandates full LLC disclosure, and cases have been remanded for similar failures to establish jurisdiction.

**4. Procedural Deficiencies in Notice of Removal (Dkt. 1)**

- **Violation**:
  - **Local Rule 81-2(a)**: The removing party must verify that the attached state court record is complete. Defendant failed to do so.

- **Local Rule 81-2(d)**: Defendant did not file a separate copy of the operative complaint, making the removal procedurally defective.
- **Deficiency:**
  - Defendant later filed Dkt. 8 in an attempt to correct these deficiencies, which confirms that Dkt. 1 was incomplete at the time of removal.

## 5. Defendant's Late and Improper Filing of "Notice of Pending Motions" (Dkt. 9)

- **Violation**:
  - Local Rule 81-2(e)(1) mandates that the Notice of Pending Motions must be filed at the time of removal. Defendant failed to do so and filed it six (6) days late.
- **Deficiency**:
  - Defendant's untimely filing has caused unnecessary delay and confusion, disrupting the proceedings.

## 6. Defendant's Attempt to Avoid Default via Procedurally Defective Filings

- **Violation**:
  - Federal Rule of Civil Procedure 12(a)(1)(A)(i): Defendant failed to file a timely Answer and instead removed the case to avoid default.
  - Such conduct constitutes an abuse of process, as condemned in Martin v. Franklin Capital Corp., 546 U.S. 132 (2005).
- **Deficiency**:
  - Defendant's conduct is a bad faith litigation tactic that wastes judicial resources.

## Violations of Indiana Rules of Professional Conduct

This matter will also be referred to the Indiana Supreme Court Disciplinary Commission based on violations of:

- **Rule 3.3 (Candor Toward the Tribunal)** – Knowingly making false or misleading statements to the Court regarding procedural compliance.
- **Rule 3.4 (Fairness to Opposing Party and Counsel)** – Knowingly disobeying procedural obligations and failing to comply with local court rules.
- **Rule 8.4 (Misconduct)** – Engaging in conduct involving dishonesty, deceit, and misrepresentation and prejudicing the administration of justice.

## Requested Actions to Cure the Deficiency

To avoid formal sanctions, you must, within 21 days from today's date (by March 26, 2025):

1. Withdraw all procedurally defective filings, including:

   - Dkt. 1 (Notice of Removal)

   - Dkt. 9 (Late Notice of Pending Motions)

   - Dkt. 10 (Deficient Rule 7.1 Disclosure Statement)

   - Dkt. 13 (Improperly Filed Answer)

2. File corrected versions of:

   - A proper Rule 7.1 Disclosure Statement with full LLC member disclosure.

   - A corrected Answer (Dkt. 13) that complies with Local Rules 5-1(c) and 5-7.

   - A complete and verified Notice of Removal, as required by Local Rule 81-2.

**Relief Sought if Noncompliance Continues**

If the identified issues are not corrected by March 26, 2025, Plaintiff will proceed with:

1. Motion for Sanctions under Federal Rule 11 and Local Rule 7-1(g) against:

   - Defendant Provident Trust Group, LLC

   - Attorneys Peter Rush and Robert Bernstein

   - Law firm Greenberg Traurig, LLP

2. Verified Complaint to the Indiana Supreme Court Disciplinary Commission, citing:

   - Failure to comply with procedural and ethical obligations.

   - Material misrepresentations to the Court.

   - Engaging in improper litigation tactics.

3. Notice that Plaintiff Reserves the Right to Amend or Modify Claims

   - Plaintiff reserves the right to:

     - Supplement evidence.

     - Expand the claims.

     - Seek additional disciplinary action as necessary.

**Next Steps & Good Faith Compliance**

Please confirm receipt of this notice and advise whether you intend to take the necessary corrective actions. Should you wish to discuss this matter before a motion is filed, Plaintiff remains willing to confer in good faith, as required under Local Rule 7-1(g).

Sincerely,

**Joey Kimbrough**
Pro Se Plaintiff
1712 Candy Court South
Kokomo, IN 46902
Phone: (765) 437-8451
Email: joeykokomo2002@yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

| | |
|---|---|
| JOEY KIMBROUGH, | **Case No. 1:25-cv-00342-JRS-MJD** |
| *Plaintiff,* | |
| v. | |
| PROVIDENT TRUST GROUP, LLC, | Honorable Judge James R. Sweeney II |
| *Defendant.* | Magistrate Judge Mark J. Dinsmore |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS**

This matter comes before the Court on Plaintiff Joey Kimbrough's Motion for Sanctions filed pursuant to Federal Rule of Civil Procedure 11 and Local Rule 7-1(g). The Court, having reviewed the motion, the Safe Harbor Notices issued on March 3, 5, and 20, 2025, the relevant filings, prior orders entered in this case, and being duly advised in the premises, now finds as follows:

**FINDINGS**

1. Defendant Provident Trust Group, LLC, and its counsel, Peter G. Rush and Robert H. Bernstein of Greenberg Traurig, LLP, have violated:

   - Federal Rule of Civil Procedure 11(b) by filing documents with procedural and jurisdictional defects, without proper investigation;

   - Multiple Local Rules, including:

     - LR 5-1(c) – improper scanned filing of the Answer (Dkt. 13);

- LR 5-7 – filing under incorrect ECF credentials;

- LR 6-1(a) & (c) – seeking improper extension (Dkt. 7);

- LR 81-2(a), (d), and (e)(1) – defective Notice of Removal and late Notice of Pending Motions;

- LR 83-5(h) – failure to update law firm affiliation;

- Federal Rule 7.1 and the Court's Order (Dkt. 4) by failing to identify all LLC members in Dkt. 10.

2. Defense Counsel was provided with three formal Safe Harbor opportunities over a 17-day period and failed to take corrective action.

3. The Court previously admonished similar conduct by Defense Counsel in Dkts. 14, 16, and 24.

4. The conduct at issue also implicates the Indiana Rules of Professional Conduct, specifically Rules 3.3, 3.4, and 8.4.

5. The Court takes judicial notice of the persuasive authority presented in *Mid Central Operating Engineers Health & Welfare Fund v. HoosierVac LLC*, **Case No. 2:24-cv-00326-JPH-MJD**, in which Magistrate Judge Mark Dinsmore recommended, and Chief Judge Tanya Walton Pratt approved, sanctions and referral to the Indiana Attorney Disciplinary Commission for similar procedural misconduct.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Sanctions is **GRANTED**.

2. The following filings are **STRICKEN** from the record:

- Dkt. 1 (Notice of Removal)

- Dkt. 2 (Notice of Appearance)

- Dkt. 7 (Motion for Enlargement of Time)

- Dkt. 9 (Notice of Pending Motions)

- Dkt. 10 (Rule 7.1 Disclosure)

- Dkt. 13 (Answer)

3. Defense Counsel, Peter G. Rush and Robert H. Bernstein, shall be **REFERRED** to the Indiana Supreme Court Disciplinary Commission for investigation of potential violations of Indiana Rules of Professional Conduct 3.3, 3.4, and 8.4.

4. Plaintiff is awarded costs and reasonable expenses incurred in preparing and filing this Motion, in an amount to be determined by subsequent affidavit or motion.

5. Defense Counsel is admonished that any future violations of this Court's Local Rules or Federal Rules of Civil Procedure may result in further sanctions, including monetary fines or preclusion of participation.

**SO ORDERED** this ___ day of _____, 2025.

BY: _____
Hon. Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

All Counsel of Record, and

Joey Kimbrough
1712 Candy Court South
Kokomo, In 46902

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

| | |
|---|---|
| In Re:<br><br>Conduct of Attorneys PETER G. RUSH and ROBERT H. BERNSTEIN | **Case No**. **1:25-cv-00342-JRS-MJD**<br><br><br>Honorable Judge James R. Sweeney II<br>Magistrate Judge Mark J. Dinsmore |

**[PROPOSED] ORDER OF REFERENCE TO THE INDIANA ATTORNEY DISCIPLINARY COMMISSION**

On review of the record in *Joey Kimbrough v. Provident Trust Group, LLC*, Case No. 1:25-cv-00342-JRS-MJD, this Court finds that Attorneys Peter G. Rush and Robert H. Bernstein of Greenberg Traurig, LLP have engaged in repeated violations of the Local Rules of the Southern District of Indiana, the Federal Rules of Civil Procedure, and the Indiana Rules of Professional Conduct, as detailed in the Plaintiff's Motion for Sanctions and three Safe Harbor Notices dated March 3, 5, and 20, 2025.

Among the cited misconduct are:

- Filing documents using incorrect ECF credentials;

- Repeated submission of scanned filings in violation of Local Rule 5-1(c);

- Filing under a misrepresented law firm affiliation for over at least eight years;

- Failure to comply with Rule 7.1 disclosure requirements despite multiple opportunities to correct;

- Misleading and prejudicial filings made against a pro se litigant.

The Court shares the Plaintiff's concern that these actions may constitute violations of the Indiana Rules of Professional Conduct, specifically Rules 3.3 (Candor Toward the Tribunal), 3.4 (Fairness to Opposing Party and Counsel), and 8.4 (Misconduct).

Accordingly, pursuant to Local Rule of Disciplinary Enforcement 2(a)(1), the Court hereby **REFERS** this matter to the Indiana Attorney Disciplinary Commission for investigation and potential disciplinary proceedings.

The Clerk is directed to forward a copy of this Order, along with the Plaintiff's Motion for Sanctions and attached exhibits, to the Indiana Attorney Disciplinary Commission.

**SO ORDERED** this ___ day of _____, 2025.

**BY:**    _____
Hon. Tonya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

**Distribution:**

All Counsel of Record

Indiana Attorney Disciplinary Commission
251 N Illinois St #1650
Indianapolis, IN 46204

Clerk, U.S. District Court – Southern District of Indiana
Clerk, U.S. Bankruptcy Court – Southern District of Indiana, and

Joey Kimbrough
1712 Candy Court South
Kokomo, In 46902