UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00342-JRS-MJD |
| | ) | |
| PROVIDENT TRUST GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, who is appearing *pro se* in this matter, has filed several meritless motions related to his wholly unfounded belief that attorney Peter Rush failed to comply with his obligation to keep his contact information updated in PACER. Plaintiff states that Rush "remains listed under K&L Gates, LLP, despite having been with Greenberg Traurig LLP since March 2015." [Dkt. 18 at 2.] The Court can verify that from the first filing in this case, Rush's contact information in CM/ECF was his current email address, which is his email address at his current firm, Greenberg Traurig LLP. The Court cannot be more clear on this point: Even if Rush had wholly failed to update his PACER information in a timely manner—which he did not—it would not have warranted the torrent of filings Plaintiff has made. It would not merit the striking of any filings by Rush. It would not merit sanctions. It certainly would not be a violation of Rule 11. It would merely have been a technical violation of a Local Rule that would have merited an Order from the Court requiring that the violation be corrected.[1]

---

[1] The Court recognizes that Plaintiff points out other violations of the Local Rules that have been committed by defense counsel in this case. *See* [Dkt. 35 at 2]. Suffice it to say that none of the violations that have occurred remotely constitute a Rule 11 violation, and Plaintiff's argument that they do is frivolous.

It is an unfortunate fact that such technical violations of the requirements of the Local Rules happen every day.  Plaintiff himself committed such a violation in his first filing raising the issue of Rush's PACER information, Docket Number 18, which is entitled Plaintiff's Motion to Strike All Filings by Attorney Peter G. Rush and to Remand for Lack of Subject-Matter Jurisdiction.  That filing, which contains two separate motions, violates the requirement of Local Rule 7-1(a) that "[m]otions must be filed separately."  It is in no one's interest for such a violation to lead to numerous motions that then have to be briefed by the parties and addressed by the Court.  Plaintiff's choice to react to Defendants' violations in this case by filing multiple motions has quite simply been a waste of the Court's limited resources.

Plaintiff's Motion to Strike All Filings by Attorney Peter G. Rush, [Dkt. 18], Motion to Compel the Clerk of Court to Disclose the Date of Attorney Peter G. Rush's Contact Information Change and Request for Sanctions Against Defense Counsel, [Dkt. 32], and Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 and Local Rule 7-1(g), [Dkt. 35], are **DENIED** in their entirety.  Plaintiff's remaining motions will be addressed in due course.

SO ORDERED.

Dated:  7 APR 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Joey Kimbrough
1712 Candy Court South
Kokomo, IN 46902