UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

**FILED**

**04/10/2025**

**U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk**

JOEY KIMBROUGH,

*Plaintiff*,

v.

PROVIDENT TRUST GROUP, LLC,

*Defendant*.

Case No. 1:25-cv-00342-JRS-MJD

Honorable Judge James R. Sweeney II
Magistrate Judge Mark J. Dinsmore

**PLAINTIFF'S OBJECTION TO ORDER AT DOCKET 44**

NOW COMES Plaintiff Joey Kimbrough, pro se, and respectfully submits this formal Objection to the Court's Order entered at Docket 44. The Order misstates material facts, overlooks binding procedural rules, and characterizes Plaintiff's motions as frivolous and meritless without fully considering the record and governing legal standards. If allowed to stand, this Order risks undermining the very principles of impartiality and adherence to judicial ethics that safeguard litigants' rights in federal court.

**I. PLAINTIFF MET RULE 11 REQUIREMENTS THROUGH MULTIPLE SAFE HARBOR NOTICES**

Plaintiff issued three Safe Harbor Notices on March 3, 5, and 20, 2025 as explicitly required by Federal Rule of Civil Procedure 11(c)(2) and Local Rule 7-1(g). These notices outlined in detail the procedural and ethical violations by Defense Counsel and offered multiple opportunities to withdraw or correct defective filings. Defendant ignored all three.

The Motion for Sanctions (Dkt. 35), Reply (Dkt. 42), and Declaration (Dkt. 43) further confirm Plaintiff's compliance with procedural prerequisites and good-faith efforts to resolve the matter without Court intervention.

## II. DEFENSE COUNSEL COMMITTED NUMEROUS PROCEDURAL VIOLATIONS

The Plaintiff's Motion identifies the following violations:

- Local Rule 5-1(c): Improper scanned filing of Answer (Dkt. 13).
- Local Rule 5-7: Use of another attorney's ECF credentials.
- Local Rule 6-1: Unlawful extension request (Dkt. 7).
- Local Rule 81-2: Incomplete state court record, failure to file operative complaint, late Notice of Pending Motions (Dkt. 1, 8, 9).
- Federal Rule 7.1 & Dkt. 4: Incomplete and untimely disclosure of LLC members (Dkt. 10).
- Local Rule 5-3(b): Failure to file Notice of Change of Information regarding Attorney Peter Rush's firm affiliation.

Despite clear obligations, Defense Counsel made no effort to seek leave to amend or correct these filings, even after Plaintiff's repeated notifications. The Court supporting these clear procedural violations by the Defendant and their counsel will be considered a contravention of due process.

## III. THE COURT'S ORDER MISSTATES THE RECORD

The Court's Order (Dkt. 44) claims Plaintiff acted upon a "wholly unfounded belief" that Attorney Rush failed to update PACER credentials. However, Attorney Rush admitted in his Declaration (Dkt. 34-1) that his contact information was updated by his staff — not by a formal Notice of Change as required by Local Rule 5-3(b). This directly confirms Plaintiff's allegations.

To disregard this fact and characterize Plaintiff's well-supported motions as "frivolous" reflects a significant departure from the record.

## IV. SEVENTH CIRCUIT AUTHORITY SUPPORTS PLAINTIFF

In ***Overhauser v. Bell*, No. 18-1368 (7th Cir. 2018)**, the Seventh Circuit affirmed that failure to follow local procedural rules may warrant sanctions, even absent intent. The court emphasized that such failures disrupt judicial efficiency and harm the opposing party.

Here, Defense Counsel's repeated disregard for Local and Federal Rules — without correction or remorse — fits squarely within the conduct condemned in *Overhauser*. Plaintiff's insistence on enforcing these mandatory obligations is not "meritless," but entirely aligned with federal precedent.

## V. THE COURT'S LANGUAGE RISKS VIOLATING JUDICIAL CANONS

The Court's use of terms such as "meritless" and "frivolous" to describe motions based on mandatory procedural rules — including Rule 11, Local Rule 5-3(b), and Rule 7.1 — risks violating the Code of Conduct for United States Judges:

- **Canon 2A**: "*Actual improprieties under this standard include violations of law, **court rules**, or other specific provisions of this Code.*" (*emphasis added*)
- **Canon 3(A)(3)**: "*A judge should be patient, dignified, respectful, and courteous to litigants…*"

To summarily label a pro se party's grounded filings as a "waste" of resources, while excusing the opposing party's rule violations, undermines public confidence in judicial impartiality. If left unaddressed, this language and posture create the appearance of favoritism and bias, contrary to *Canons 2 and 3*.

## VI. CONCLUSION

Plaintiff respectfully requests that this Honorable Court:

1. Reconsider and vacate or modify the Order at Docket 44;

2. Acknowledge the existence and seriousness of Defense Counsel's procedural violations;

3. Recognize Plaintiff's compliance with Rule 11(c) and Local Rule 7-1(g);

4. Avoid characterizations that imply judicial favoritism or undermine pro se litigants' rights;

5. Grant such further relief as the Court deems just and appropriate.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## Certificate of Service

I, Joey Kimbrough, hereby certify that on April 10, 2025, a true and correct copy of the foregoing *PLAINTIFF'S OBJECTION TO ORDER AT DOCKET 44* was filed with the United States District Court for the Southern District of Indiana and served upon all registered counsel via the Court's CM/ECF electronic filing system.

**Distribution:**

All ECF-registered counsel of record

Respectfully Submitted,
/s/ *Joey Kimbrough*