UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

**FILED**

**04/23/2025**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

JOEY KIMBROUGH,

*Plaintiff*,

v.

PROVIDENT TRUST GROUP, LLC,

*Defendant*.

Case No. 1:25-cv-00342-JRS-MJD

Honorable Judge James R. Sweeney II
Magistrate Judge Mark J. Dinsmore

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO OBJECTION TO ORDER AT DOCKET 44**

COMES NOW Plaintiff Joey Kimbrough, pro se, and respectfully submits this Reply to the Defendant's Response in Opposition Dkt. 47. This Reply is timely and filed pursuant to Local Rule 7-1(c)(3). The Plaintiff addresses the deficiencies and unsubstantiated presumptions in Defendant's Response.

**I. INTRODUCTION**

Defendant's Response lacks any substantive rebuttal to the procedural violations and legal errors outlined in Plaintiff's Objection. Rather than contest the factual or legal basis for the claims, Defendant relies on presumptions, which under *Federal Rule of Evidence 301*, carry no weight once rebutted.

**II. FED. R. EVID. 301 DOES NOT SUPPORT DEFENDANT'S POSITION**

Rule 301 stipulates that while a presumption shifts the burden of production, the burden of persuasion remains with the party originally bearing it. Plaintiff has clearly rebutted the presumption of procedural regularity by citing:

- Failure to file Notice of Change under Local Rule 5-3(b),
- Multiple Safe Harbor notices unacknowledged by Defense Counsel,
- Misuse of ECF credentials and filing violations under Local Rules 5-1, 5-7, 6-1, 81-2, and more.

These rebuttals invalidate any presumption Defendant may assert regarding the adequacy of their conduct.

## III. DEFENDANT FAILS TO DISTINGUISH OR REFUTE OVERHAUSER v. BELL

The Defendant notably does not challenge the authority or applicability of ***Overhauser v. Bell*, No. 18-1368 (7th Cir. 2018)**, which affirms that violations of local procedural rules—even without intent—can justify sanctions due to their disruptive effects. This case directly supports Plaintiff's call for procedural compliance and judicial recognition of defense misconduct.

## IV. NO RESPONSE TO PLAINTIFF'S RULE 11(c)(2) COMPLIANCE

Defendant's Response entirely omits any discussion of Plaintiff's compliance with Rule 11's Safe Harbor provision, a pivotal issue raised in the Objection. This silence signals acquiescence and is a tacit admission of Plaintiff's compliance and Defendant's non-response to required notice.

## V. DEFENDANT'S RESPONSE IS VOID OF LEGAL ANALYSIS OR COUNTER-AUTHORITY

Defendant presents no persuasive case law, no statutory interpretation, and no alternative reading of the record. Their submission appears to rely solely on the assumption that the court

will dismiss Plaintiff's claims without scrutiny. This strategy is inadequate and fails to meet basic advocacy standards.

## VI. CONCLUSION

For the reasons stated, Plaintiff respectfully requests this Honorable Court:

1. Disregard Defendant's Response as conclusory and unsupported;
2. Reconsider or vacate the Order at Docket 44;
3. Acknowledge Defendant's procedural violations as material;
4. Affirm Plaintiff's procedural compliance under Federal Rule 11 and Local Rule 7-1;
5. Grant such further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## Certificate of Service

I, Joey Kimbrough, hereby certify that on April 23, 2025, a true and correct copy of the foregoing *PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO OBJECTION TO ORDER AT DOCKET 44* was filed with the United States District Court for the Southern District of Indiana and served upon all registered counsel via the Court's CM/ECF electronic filing system.

**Distribution:**

All ECF-registered counsel of record          Respectfully Submitted,
                                              /s/ *Joey Kimbrough*