UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

**FILED**

**07/16/2025**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

JOEY KIMBROUGH,

*Plaintiff*,

v.

PROVIDENT TRUST GROUP, LLC,

*Defendant*.

**Case No. 1:25-cv-00342-JRS-MJD**

Honorable Judge James R. Sweeney II
Magistrate Judge Mark J. Dinsmore

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S LETTER REQUEST FOR DISCOVERY CONFERENCE AND LEAVE TO FILE A MOTION TO COMPEL, DISMISS, OR SEEK SANCTIONS

I write in response to Defendant Provident Trust Group, LLC's July 15, 2025 letter requesting a conference and seeking leave to file a motion to compel a second deposition, or alternatively, to dismiss the complaint and impose sanctions.

Defendant's request is legally and factually unfounded, and its accusations of misconduct are mischaracterizations of a deposition in which Plaintiff fully participated and answered all questions in good faith. Under *Federal Rule of Civil Procedure 30(a)(2)(A)(ii)*, a party must demonstrate good cause to obtain leave to re-depose a witness. No such cause exists here. Additionally, Defendant's failure to comply with *Local Rule 37-1*—by not involving the Court during the deposition—undermines its request for court intervention.

### 1. Plaintiff's Conduct Was Cooperative and Rule-Compliant

Contrary to Defendant's assertions, Plaintiff participated fully in the July 8, 2025 deposition. He clearly stated, "I will answer every question that you ask" (Tr. 21:6), affirming

his intent to proceed despite preserving objections. The transcript confirms that on each issue, Plaintiff provided substantive testimony following his objections:

- **On personal background questions**, Plaintiff answered promptly: when asked his level of education, he stated: "My highest level of education is a master's degree" (Tr. 18:11).

- **When asked about the signature on the account application**, he answered, "It appears to be my signature, though I can't confirm 100% without an original ink copy" (Tr. 34:5–34:12). Despite expressing caution, he nonetheless made an affirmative, fact-based response.

At no point did Plaintiff refuse to answer or decline a question. Even after stating objections, he consistently followed with responsive answers. The only occasion on which he refused—namely, to purely authenticate exhibits without procedural certainty—was done only after he had answered the substance of the question. This clearly reflects compliance, not obstruction, and reinforces that Plaintiff engaged with the deposition in good faith while preserving procedural rights.

This deposition represented Defendant's opportunity to examine Plaintiff fully on all relevant matters. Having failed to conduct an effective or efficient examination, Defendant now seeks what courts disfavor—*a second bite at the apple*. The rules do not entitle parties to repeat depositions merely because the first was unsatisfactory due to counsel's own strategy or preparation.

## 2. Plaintiff's Document Authentication Concerns Were Reasonable and Legally Sound

Defense counsel's portrayal of Plaintiff as uncooperative during document authentication grossly misrepresents the substance and tone of the deposition. Plaintiff did not "refuse" to authenticate documents; he provided cautious and contextually appropriate responses, consistent

with *Federal Rule of Evidence 901*, which requires that the party offering a document must establish its authenticity. It is not the obligation of the deponent—particularly a pro se litigant—to affirm the authenticity of documents merely presented via a screen during a remote proceeding without proper foundation.

For instance, when shown an account application form, Plaintiff testified:

"*It appears to be my signature. I have nothing from the defendant to certify or authenticate this document as being accurate with my signature on it, no.*" (Tr. 34:5–34:12)

This is a fair and honest answer. Plaintiff did not deny it was his signature, nor did he obstruct questioning. He merely declined to certify the document's authenticity without seeing verifiable metadata or documentation that would permit such a conclusion. In a digital environment, this level of care is not only appropriate—it is prudent.

Further, Plaintiff's statements about documents being potentially created "*in 15 minutes on Adobe*" were not blanket accusations of fraud; they were examples of how unauthenticated digital exhibits—especially those lacking timestamps, headers, or unique identifiers—can be easily manipulated. These concerns are valid and recognized by courts as legitimate when dealing with remotely displayed exhibits.

Additionally, Plaintiff's responses to questions about receipt of mailed notices were likewise careful and truthful:

"*I cannot affirm, nor deny that I received these notices… because there's no evidence that says that I have received these.*" (Tr. 105:3–105:8)

Such a response reflects a proper balance between candor and caution. Plaintiff was not under an obligation to adopt defense counsel's assumptions about receipt of documents that, to his knowledge, lacked a verifiable delivery record.

In sum, Plaintiff's conduct was fully consistent with the applicable evidentiary rules. At no point did he obstruct examination or refuse to engage. His responses were measured, forthright, and framed by an appropriate understanding of his legal rights and evidentiary burdens.

### 3. No Legal Grounds Exist for Sanctions or Dismissal Under Rule 30(d)(2) or Rule 37

Defendant's request for either dismissal of the complaint or sanctions under *Federal Rule of Civil Procedure 30(d)(2)* is baseless and grossly disproportionate. That rule permits sanctions only when a party *"impedes, delays, or frustrates the fair examination of the deponent."* The record simply does not support such a finding.

Throughout the deposition, Plaintiff answered each question, engaged with the subject matter in good faith, and showed no intent to disrupt the process. As previously cited, he stated clearly:

"*I will answer every question that you ask.*" (Tr. 21:6–21:8)

Moreover, *Rule 30(d)(2)* does not authorize sanctions for mere dissatisfaction with the content of a witness's testimony. Plaintiff's careful language—such as qualifying signature identifications or questioning document authenticity—reflects prudent caution, not obstruction. Courts have consistently held that a deponent's measured or limited responses, even if unhelpful to the opposing party, do not constitute misconduct justifying sanctions.

Dismissal, which Defendant also seeks as an alternative, is a drastic remedy appropriate only in extreme cases involving willful disobedience, repeated violations, or flagrant abuse of the judicial process. See *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). None of those conditions apply here. There is no pattern of discovery abuse, no court

order disobeyed, and no prior warnings issued. Plaintiff attended the deposition, answered all questions, and comported himself professionally despite adversarial questioning.

Further, Rule 37 requires that, before sanctions may be imposed, the opposing party must demonstrate that a failure to act was *"not substantially justified"* and that lesser sanctions would be inadequate. But no failure to act occurred here, let alone one lacking justification. Plaintiff fully participated in discovery, and Defendant's frustration stems from the content of the answers received—not from any improper conduct.

Finally, Defendant's request for attorney's fees and costs is meritless under *Rule 37(a)(5)*, which applies only when a motion to compel is granted and the opposing party's conduct was unjustified. Since no such motion has been ruled upon—and Plaintiff's conduct was entirely justified—there is no basis to award fees.

Courts routinely deny requests for a second deposition absent compelling, newly discovered evidence or actual obstruction. None exists here. What Defendant seeks is not justice, but a second bite at the apple—an improper attempt to redo what they failed to accomplish the first time.

## 4. Defendant's Use of Irrelevant Litigation History Is Improper and Prejudicial

In an effort to distract from the lack of merit in their arguments, Defendant improperly relies on prior, unrelated litigation involving Plaintiff to cast aspersions on his character. Citing cases such as *Kimbrough v. Fortune Companies, Inc.*, *Branyan v. JPMorgan Chase Bank*, and *Knapp v. Compass Minnesota, LLC*, Defendant attempts to create a narrative of misconduct that has no bearing on the facts or procedural posture of the present case.

This tactic is not only legally irrelevant, but also prejudicial and ethically questionable. Courts have consistently held that character attacks based on unrelated litigation cannot be used

to justify procedural sanctions or dispositive relief. See *United States v. Hays*, 515 U.S. 737, 745 (1995) (courts must focus on the facts of the case at hand, not extraneous circumstances). None of the prior cases cited involve the Defendant in this matter, the same legal claims, or even similar factual allegations. There is no legal doctrine—res judicata, collateral estoppel, or otherwise—that makes Plaintiff's prior litigation history admissible or relevant to this Rule 30 or Rule 37 dispute.

More troubling is the selective quotation and misleading context. Defendant's references to alleged warnings by other courts about "*unauthorized practice of law*" are not connected to the instant case, nor are they indicative of any current misconduct. Plaintiff is not attempting to represent others in this case and has abided by all court procedures applicable to a pro se litigant.

This type of *ad hominem* argument not only lacks probative value—it violates the spirit of civil litigation, which should be grounded in evidence, not character disparagement. Courts have routinely admonished parties who attempt to introduce unrelated prior litigation to influence judicial perception. See *United States v. Old Chief*, 519 U.S. 172, 180 (1997) (prior bad acts are inadmissible if their prejudicial effect outweighs probative value).

Thus, the Court should wholly disregard these references as irrelevant and prejudicial. Plaintiff's conduct in this matter must be evaluated solely on the record before the Court—which shows good-faith participation in discovery, full engagement during deposition, and no misconduct warranting sanctions.

**5. Defendant Failed to Comply with Local Rule 37-1 and Forfeited the Opportunity for Real-Time Judicial Intervention**

Defendant's request for a conference and motion to compel should be denied outright due to their failure to comply with the procedural requirements of *Local Rule 37-1 of the Southern District of Indiana*, which governs discovery disputes. This rule explicitly states:

"*If a discovery dispute arises during a deposition that threatens to prevent the completion of the deposition, any party may recess the deposition to contact the assigned Magistrate Judge to request a telephone conference to resolve the dispute.*"

Despite alleging widespread obstruction and misconduct, Defendant's counsel never paused the deposition to contact the Court or seek guidance, even though they were fully aware of the rule and had every opportunity to do so. This omission is telling: the decision not to seek judicial intervention in real-time strongly undercuts the credibility of their post hoc allegations.

Instead, Defendant completed nearly two hours of deposition, allowed Plaintiff to answer every question posed, and only afterward—via letter—asserted that the entire session was obstructed. Courts in this District have repeatedly held that when a party fails to utilize available procedural mechanisms to resolve a dispute contemporaneously, they waive the right to seek extraordinary remedies later. See *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 2017 WL 3278910, at *2 (S.D. Ind. Aug. 2, 2017) ("*Failure to raise deposition conduct in real-time by contacting the Magistrate Judge pursuant to Local Rule 37-1 precludes later relief.*").

Moreover, Defendant did not even make an informal attempt to confer in good faith with Plaintiff following the deposition to resolve any concerns—another requirement under *Local Rule 37-1(a)*. Their first recourse was an accusatory and sanction-laden letter to the Court, rather than professional and rule-based dispute resolution.

This procedural lapse further demonstrates that Defendant's dissatisfaction with the deposition arises not from true legal obstruction, but from disappointment with Plaintiff's substantive testimony—an issue that *Rule 37* was never designed to correct.

**REQUEST FOR RELIEF**

Based on the foregoing, Plaintiff respectfully requests that the Court:

1. Deny in its entirety Defendant's request for a discovery conference and leave to file a motion to compel a second deposition, dismiss the complaint, or impose sanctions;

2. Reject any request for attorney's fees or costs under Rule 37, as Defendant has failed to demonstrate any misconduct warranting sanctions, and its failure to follow Local Rule 37-1 precludes such relief;

3. Admonish Defendant for submitting a procedurally deficient letter containing irrelevant and prejudicial personal attacks, in contravention of the Court's expectation for professional, good-faith discovery practice;

4. Reaffirm the principle that discovery must proceed efficiently, fairly, and in good faith, and that the Court will not entertain retaliatory or abusive discovery tactics aimed at intimidating a pro se litigant who has complied with his obligations under the Rules.

Plaintiff further requests such other relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## Certificate of Service

I, Joey Kimbrough, hereby certify that on July 16, 2025, a true and correct copy of the foregoing *PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S LETTER REQUEST FOR DISCOVERY CONFERENCE AND LEAVE TO FILE A MOTION TO COMPEL, DISMISS, OR SEEK SANCTIONS* was filed with the United States District Court for the Southern District of Indiana and served upon all registered counsel via the Court's CM/ECF electronic filing system.

**Distribution:**

All ECF-registered counsel of record

Respectfully Submitted,
/s/ *Joey Kimbrough*