

Robert H. Bernstein
973.360.7946
bernsteinrob@gtlaw.com

July 23, 2025

**VIA ECF**

Hon. Mark J. Dinsmore, U.S.M.J.
U.S. District Court, S.D. Ind.
Birch Bayh Federal Bldg. & Courthouse
46 East Ohio Street
Indianapolis, IN 46204

**Re:** *Kimbrough v. Provident Trust Group*, **No. 1:25-cv-342**

Dear Judge Dinsmore:

This Firm represents Defendant Provident Trust Group, LLC ("Provident") in this matter. We are in receipt of Plaintiff *pro se* Joey Kimbrough's Response in Opposition to our request for a conference and sanctions to address Plaintiff's obstructionist misconduct at his July 8 video-deposition. Having reviewed that opposition, we are constrained to reply briefly to several of Plaintiff's assertions.

*Local Civil Rule 37-1*

Initially, Plaintiff asserts that Provident's counsel was required by Local Civil Rule 37-1 to seek court intervention "in real-time," and to confer further with Plaintiff to resolve the discovery concerns before contacting the Court. Both assertions are meritless.

Local Rule 37-1(a) provides that "[w]hen the dispute involves an objection raised during a deposition that threatens to prevent completion of the deposition, any party may recess the deposition to contact the Magistrate Judge's chambers" to request a conference. This is precisely what Provident did here. Nowhere does the Rule require a party to call chambers "right then and there" and ask the Magistrate Judge, assuming the Magistrate Judge is even available at that precise moment, to address the dispute in a vacuum.

To support his fabricated interpretation of Local Rule 37-1, Plaintiff cites to a fictional decision titled *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 2017 WL 3278910 (S.D. Ind. Aug. 2, 2017). No such decision exists. Plaintiff's reference to 2017 WL 3278910 is the WestLaw cite for a Ninth Circuit decision in *Robertson v. Davey*, 694 Fed.Appx. 599 (9th Cir. 2017). Further, attached is the full PACER docket report for *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, No. 1:14-cv-1743. There is no opinion or order dated August 2, 2017, and indeed by that time the Court was addressing post-judgment fee applications, not discovery disputes. Plaintiff's "real-time" argument is baseless.

**Greenberg Traurig, LLP | Attorneys at Law**
500 Campus Drive | Suite 400 | Florham Park, New Jersey 07932 | T +1 973.360.7900 | F +1 973.301.8410
ACTIVE 713005544v1

Hon. Mark J. Dinsmore, U.S.M.J.
July 23, 2025

Equally frivolous is Plaintiff's contention that Provident should have halted the deposition and held a separate "meet and confer" with him prior to seeking the Court's assistance. The entire deposition was in effect a meet and confer, as counsel repeatedly attempted to explain to Plaintiff his obligation to testify truthfully, and Plaintiff repeatedly asserted his unfounded objections. It is preposterous to suggest that counsel should have also had that conversation off the deposition record before filing our application for a pre-motion conference.

*Federal Rule of Evidence 901*

Second, Plaintiff's reliance on Federal Rule of Evidence 901 to defend his consistent and inexcusable refusal to identify his own signature and handwriting on multiple documents is misplaced. Rule 901 requires the proponent of an exhibit to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." That evidence may take numerous forms, including testimony of a knowledgeable witness "that an item is what it is claimed to be[,]" and non-expert testimony "that handwriting is genuine, based on a familiarity with it not acquired for the current litigation." *See* Rule 901 (b)(1) and (2). Here, Provident sought precisely that evidence, *i.e.*, testimony from Plaintiff acknowledging his own signature and handwriting – a standard practice used daily in countless depositions across the nation – but Plaintiff impermissibly refused, despite counsel's efforts to explain this reality. (*See* Transcript at 67:11:23).

*Plaintiff's Litigation History*

Lastly, Provident did not direct the Court's attention to the various cases chronicling Plaintiff's history of engaging in the unlicensed practice of law for any improper purpose. Rather, Provident sought only to help inform the Court's decision as to just how little, if any, latitude this particular Plaintiff should be given as a *pro se* litigant. The fact is Plaintiff has a long and regrettable history of engaging in abusive litigation tactics, and he should not be permitted to hide behind his *pro se* status to deny that history.

Thank you for Your Honor's attention to this matter.

Respectfully,

Robert H. Bernstein

Encl.

cc: Plaintiff and All Counsel of Record (via ECF and email)