UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00342-JRS-MJD |
| ) | |
| PROVIDENT TRUST GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

**Order on Plaintiff's Motion to Remand**

Plaintiff Joey Kimbrough, proceeding *pro se*, sued Defendant Provident Trust Group, LLC ("Provident") in Indiana state court. Provident timely removed the case to federal court. (Notice Removal, ECF No. 1.) Now before the Court is Kimbrough's Motion to Remand this matter to the state court for lack of diversity jurisdiction. (Pl.'s Mot. Remand, ECF No. 6; Pl.'s Mot. Leave Amend, ECF No. 23.)[1] For the following reasons, the Court **orders** Provident to file a supplemental jurisdictional statement and **denies** without prejudice Kimbrough's Motion to Remand, (ECF No. 6), and Motion for Leave to Amend, (ECF No. 23).

---

[1] Kimbrough's Motion to Remand also includes a motion for sanctions against Provident for bad faith removal and an alternative motion for default judgment. (ECF No. 6.) Kimbrough now seeks leave to amend the motion to include an additional argument for remand based on procedural defects in Provident's removal. (ECF No. 23.) Here, the Court considers both Kimbrough's original and proposed amended motions, but because Provident has insufficiently alleged a basis for subject matter jurisdiction and it seems that those deficiencies can be corrected, the Court does not reach Kimbrough's remaining and proposed arguments.

1

I.  **Legal Standard**

The federal courts have a duty to ensure that they have jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Jurisdiction is an absolute prerequisite before addressing the merits of a case. *See Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). Conclusory allegations are insufficient to establish jurisdiction—factual details are required. *See Meyerson v. Showboat Marina Casino P'ship (Meyerson II)*, 312 F.3d 318, 321 (7th Cir. 2002); *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996).

A civil action initially brought in a state court may be removed to the federal court system, so long as the district courts of the United States have original jurisdiction over the case. 28 U.S.C. § 1441(a). The removing party bears the burden of proving subject matter jurisdiction in its notice of removal under 28 U.S.C. §§ 1441 and 1446. *See Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) ("In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper."). One such basis is diversity of citizenship, upon which federal district courts have original jurisdiction of all civil actions between parties of completely diverse citizenship where the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

For the purposes of determining diversity of citizenship, "the citizenship of an LLC is the citizenship of each member—traced through as many levels as necessary until reaching a natural person or a corporation." *City of East Saint Louis, Ill. v. Netflix,*

*Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

## II.  Discussion

Here, the only jurisdictional basis Provident states for removal to this Court is diversity of citizenship. (Notice Removal 1, ECF No. 1.) In its Notice of Removal, Provident refers to itself as a corporation and alleges that it is a citizen of Nevada where it is duly organized and existing and has its principal place of business. (*Id.* ¶ 10.) But Provident is an LLC, not a corporation. (See Pl.'s Mot. Remand ¶ 13, ECF No. 6.) Thus, in its response to Kimbrough's Motion to Remand, Provident attempted to properly allege its citizenship. (Def.'s Opp. to Pl.'s Mot. Remand 2, ECF No. 26.) Once again, Provident's allegations fell short, as Provident failed to allege citizenship of its sole member, Ascensus LLC. (*Id.*) Accordingly, the Court ordered Provident to file a jurisdictional statement that properly alleges its citizenship. (Order Directing Further Proceedings, ECF No. 53.)[2] Specifically, the Court ordered Provident to "trace the layers of its members and conclusively indicate its state(s) of citizenship." (*Id.*)

Provident's jurisdictional statement misses the mark again. (Def.'s Statement Citizenship, ECF No. 56.) Provident alleges that "[its] sole member is Ascensus,

---

[2] In its Order, the Court concluded that Provident properly alleged Kimbrough's Indiana citizenship and found by a preponderance of evidence that the amount in controversy is met. (Order Directing Further Proceedings, ECF No. 53.)

LLC," which "is a wholly-owned subsidiary of Ascensus Holdings, Inc., a corporation organized and existing under the laws of the State of Delaware." (*Id.*) These allegations are insufficient to establish Provident's citizenship. Though Provident traces its membership back to Ascensus Holdings, Inc., it fails to completely allege that corporation's citizenship. 28 U.S.C. § 1332(c)(1); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) ("A corporation, however, has two places of citizenship: where it is incorporated, and where it has its principal place of business."). Provident states that Ascensus Holdings, Inc. is a corporation "organized and existing" under Delaware law, but Provident fails to identify Ascensus Holdings, Inc.'s principal place of business. Ascensus Holdings, Inc. might be incorporated in Delaware—a state diverse from Kimbrough's citizenship—but Provident's jurisdictional statement leaves open the possibility that Ascensus Holdings, Inc. has its principal place of business in Indiana, a citizenship that would destroy complete diversity and leave the Court without original jurisdiction over this case.

For the foregoing reasons, the Court cannot be sure of its subject matter jurisdiction over this case. Additionally, the Court questions Provident's use of the term "wholly-owned subsidiary" in its jurisdictional statement. Specifically, Provident says that Ascensus, LLC, Provident's sole member, is a "wholly-owned subsidiary" of Ascensus Holdings, Inc. (Def.'s Statement Citizenship, ECF No. 56.) It is well-established that the citizenship of an LLC is determined by the citizenship of each of its *members*. *See Thomas*, 487 F.3d at 534. Accordingly, "the most accurate and efficient way to communicate the citizenship of [an LLC] is to use the word

4

'member.' . . . Defendants should strive to communicate more precisely, using the preferred term 'member.'" *Middlemen Serv. Pros., LLC v. Aion Mgmt., LLC*, No. 1:23-cv-01336-JMS-KMB, 2024 WL 1012953, at *2 n.1 (S.D. Ind. Mar. 7, 2024). That said, the Court need not assume that Ascensus Holdings, Inc. is the sole member of Ascensus, LLC because Provident insufficiently alleged citizenship of Ascensus Holdings, Inc.

Accordingly, the Court **orders** Provident to file **within fourteen days** of the date of this order a supplemental jurisdictional statement remedying the jurisdictional deficiencies identified above. The Court **denies** without prejudice Kimbrough's Motion to Remand, (ECF No. 6), and Motion for Leave to Amend, (ECF No. 23). The Court may without further notice remand this case to the Indiana state court if Provident does not adequately address the jurisdictional deficiencies in its supplemental jurisdictional statement.

**SO ORDERED.**

Date: 9/8/2025

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

Robert H. Bernstein
GREENBERG TRAURIG LLP
bernsteinrob@gtlaw.com

5

Peter G Rush
Greenberg Traurig, LLP
rushp@gtlaw.com

Michael J. Slocum
GREENBERG TRAURIG LLP
slocumm@gtlaw.com