**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

JOEY KIMBROUGH,

　　　　　　　　Plaintiff,

*vs*.

PROVIDENT TRUST GROUP, LLC,

　　　　　　　　Defendant.

**Civil Action No. 1:25-cv-00342-JRS-MJD**

**DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO COMPEL SUPERVISED DEPOSITION OF PLAINTIFF**
**OR ALTERNATIVELY TO DISMISS COMPLAINT AND FOR FEES**

Dated: November 24, 2025　　　　　　PROVIDENT TRUST GROUP LLC

By: __/s/__ _____

　　　Robert H. Bernstein (*pro hac vice*)
　　　Michael J. Slocum (*pro hac vice*)
　　　Greenberg Traurig, LLP
　　　500 Campus Drive, Suite 400
　　　Florham Park, NJ  07932
　　　Tel: (973) 360-7900
　　　bernsteinrob@gtlaw.com
　　　slocumm@gtlaw.com
　　　*Attorneys for Provident Trust Group, LLC*

Defendant Provident Trust Group, LLC ("Provident"), pursuant to leave granted in the Court's Order entered November 12, 2025 [ECF No. 64], hereby respectfully moves for an Order compelling the continuation of Plaintiff *Pro Se* Joey Kimbrough's deposition in-person and supervised by a Court-appointed Special Master, together with an award of Provident's fees and expenses incurred in connection with this application.  Alternatively, Provident moves for dismissal of the Complaint.

## PRELIMINARY STATEMENT

Provident is forced to bring this motion to compel because Plaintiff flouted his obligations to provide unimpeded deposition testimony under Federal Rule of Civil Procedure 30(d)(2).  Rather than answer straightforward questions, Plaintiff repeatedly interjected with lengthy, inapposite objections. Plaintiff refused counsel's multiple offers to operate under a standing objection, or to otherwise not spend "all the time in the world" entertaining Plaintiff's recalcitrance.  Plaintiff routinely refused to acknowledge his own signature on documents, instead offering fantasies that Provident could have forged the documents – of course, without offering a shred of evidence to substantiate his ruminations. Plaintiff refused to testify one way or the other whether he had seen or received certain key communications from Provident – simple factual matters to which Plaintiff is plainly a witness.  In short, Plaintiff made every effort possible to hamper Provident's efforts to elicit his testimony.

The Rules apply equally to *pro se* litigants, and Plaintiff's status as a *pro se* does not excuse his willful misconduct.  Plaintiff must provide truthful and unobstructive answers in response to Provident's reasonable questions, no different than any other litigant.   Because Plaintiff has demonstrated that he will not do so of his own accord, Provident requests that the Court issue an Order compelling Plaintiff to appear in person for the continuation of his deposition, subject to the supervision of a Court-appointed Special Master charged with ensuring Plaintiff's compliance, together with its fees and costs in pursuing this application.

Alternatively, Provident requests dismissal of Plaintiff's Complaint.

- 2 -

**<u>PLAINTIFF'S REFUSAL TO COMPLY WITH HIS DEPOSITION OBLIGATIONS</u>**

Briefly, Provident formerly provided account custodial services to Plaintiff in connection with his self-directed individual retirement account ("SDIRA").  In July 2024, Provident resigned as Plaintiff's SDIRA custodian and distributed his assets because – despite Provident's several written warnings – Plaintiff failed to pay his annual maintenance fee.  Plaintiff asserts claims against Provident for breach of contract, breach of fiduciary duty, and fraud.  Provident denies Plaintiff's claims.

On July 8, 2025, Provident attempted to take Plaintiff's deposition via video-conference.[1] From the very outset, Plaintiff sought to impede, delay, and frustrate a fair examination.  Despite counsel's earnest efforts to conduct an orderly examination, Plaintiff persisted in his misconduct. Ultimately, after roughly two straight hours of Plaintiff's obstreperous behavior, Provident was left with no reasonable alternative but to suspend the deposition and seek judicial intervention.

Plaintiff's obstructionism started just a few moments into the deposition.  Counsel had scarcely completed the preliminary instructions when Plaintiff announced his intention "to put a general objection on the record before we get going[.]"  (Plf Dep. 11:11-15).  Plaintiff refused to explain to what he was objecting, instead threatening to stop the deposition, before it had even substantively begun, if he was not permitted to proceed:

Q.  So this is a pretyped objection?

A.  Yes, that I created.

Q.  Okay. What is it an objection to?

A.  It's a general objection, just what I'm going to put on the record.

Q.  Well, that's really not how this works.  You have to have an objection to one of my questions.

---

[1] A copy of the condensed transcript of Plaintiff's July 8 deposition was previously submitted in connection with Provident's pre-motion application under Local Rule 37-1.  *See* [ECF No. 50-1].  That transcript is cited herein as "Plf Dep."

A.  Oh, I'll do that as well.

Q.  Okay.  What is it that you're objecting to?

A.  I'm going to put a general objection on the record prior to us getting going.  And if you have a concern with that, I would ask that we call Magistrate Dinsmore.

(Plf Dep. 11:16 to 12:7).

Solely in an effort to proceed without needlessly bothering the Court, counsel consented to Plaintiff's demand that he place his "general objection" on the record.  Plaintiff then spent the next several minutes asserting baseless and irrelevant objections.  (Plf Dep. 13:2 to 16:13).  Specifically, Plaintiff:

- Asserted unspecified "rights and privileges" under the Constitution, the Rules of Civil Procedure, and the Rules of Evidence;

- Asserted preemptive objections to "any line of questioning" he might deem somehow improper;

- Objected to "the use of any documents" that had not already been authenticated under the Rules of Evidence;

- Placed Provident's counsel "on notice" that he had researched counsel's credentials and that Plaintiff believed counsel was serving as Provident's "advocate" in the proceedings;

- Accused counsel of potentially violating New Jersey Rules of Professional Conduct prohibiting "fraud, dishonesty, deceit, or misrepresentation" and prohibiting "an advocate to act as a witness" absent Court Order;

- Accused counsel and unidentified "others associated with" Provident of potential "theft by deception" under New Jersey criminal codes; and

- Recited the oath counsel "is believed to have taken" upon admission to the New Jersey bar.

(Plf Dep. 13:2 to 16:13).

As the deposition proceeded, Plaintiff continued his deliberate obstruction of counsel's line of legitimate questioning.  On no fewer than <u>seventeen</u> separate occasions during the remainder of the deposition – an average of once every five minutes – Plaintiff interposed lengthy, pre-composed, and

inapplicable objections.  (Plf Dep. 17:22 to 18:8, 18:24 to 19:9, 20:1-11, 24:22 to 25:7, 25:18 to 26:3, 32:8-14, 33:15-25, 40:24 to 41:9, 47:3-13, 50:2-12, 53:6-13, 55:9-19, 58:13 to 59:1, 64:6-16, 73:9-23, 75:13-23, and 79:6-16).  These objections were uniformly improper, and were often raised to the most rudimentary questions that would be asked at any deposition as a matter of course.  For example:

- "What's your highest level of education?" (Plf Dep. 17:20 to 18:12);

- "And from what institution did you receive [an identified degree]?" (Plf Dep. 18:22 to 19:13); and

- "Since what time have you been a member of [your LLC]?" (Plf Dep. 24:20 to 25:12).

Plaintiff also interposed these same groundless objections to plainly proper questions directly germane to his claims against Provident.  For example:

- "When did you first learn of the exist[ence] of Provident Trust Group?"  (Plf Dep. 32:6-19);

- "Let me know if you recognize this individual retirement account application document?"  (Plf Dep. 33:12 to 34:1); and

- "Do you recognize these notices from Provident Trust Group?" (Plf Dep. 40:22 to 41:13).

Plaintiff persisted in these obstructionist tactics despite counsel twice offering to acknowledge a standing objection.  (Plf Dep. 21:-22 and 50:14-19).  Plaintiff's admitted purpose was to delay the deposition – or, as Plaintiff put it, to prolong it for "all the time in the world":

Q. Mr. Kimbrough, I understand your objection to some of my questions.  It's suffic[ient] just to simply object to form.  We don't need to have a lengthy read objection every single time or this is going to take us quite some time.

A. I've got all the time in the world, counsel.  I don't mind, I honestly don't.

Q. Well, I have no intention of spending all the time in the world.  So I would ask that you please simply object to the form.  And if you are going to not answer the question, let me know without the 30-second read-on, please.

A. I will answer every question that you ask, but I will read those objections before I answer anything.

(Plf Dep. 20:15 to 21:8).

Equally improper, Plaintiff purposefully refused to answer straightforward questions in a straightforward manner, electing instead to equivocate and engage in rank speculations. Simply by way of example, and most salient to Plaintiff's claims against Provident:

- Plaintiff refused to acknowledge his own signature on the Individual Retirement Account Application he submitted in applying for his Provident SDIRA. Plaintiff acknowledged "It appears to be my signature" but insisted "I have nothing from the defendant to certify or authenticate this document as being accurate with my signature on it," instead hypothesizing that "This is a document that you can create in 15 minutes on Adobe." (Plf Dep. 34:2 to 36:1).[2] Notably, when it came to authenticating his signature on the self-serving "Affidavit of Damages" he had prepared, Plaintiff had no problem or hesitancy doing so. (Plf Dep. 52:2-21).

- Plaintiff similarly refused to acknowledge, or to affirmatively deny, his own handwriting on beneficiary designation form for his SDIRA. Plaintiff conceded "It appears that it could be my handwriting" but insisted "I do not affirm that it's my handwriting." (Plf Dep. 64:19 to 65:1).

- Plaintiff refused to admit that he had received the repeated notices of his past-due account maintenance fees, while simultaneously refusing to state plainly whether he denied receiving them. Rather, Plaintiff prevaricated at every turn. *See, e.g.,* (Plf Dep. 90:8-16) ("Well, there's no proof that I received it. Show me that affidavit from the highest-ranking officer that says that I was delivered and signed for this document"); (Plf Dep. 97:17 to 98:2) ("I don't have any facts that I can base a denial or an affirmation, and your client has not provided any evidence to say that I did receive it"); (Plf Dep. 100:4-14) ("I deny that there is any proof that I have received this").

After approximately two hours of this misconduct, Provident suspended the deposition to pursue this motion in accordance with Local Rule 37-1. (Plf Dep. 109:21 to 110:9); [ECF No. 50].

---

[2] Plaintiff refused to acknowledge or deny his own signature on numerous other occasions and documents for equally flimsy reasons. *See, e.g.,* (Plf Dep. 61:1-12) ("I did say it appears to b[e] my signature, but you could have cut and pasted that signature on there … probably from court documents … I have no idea where you could have gotten it"); (Plf Dep. 69:4-20) ("It appears to be my signature" but "your client can send this certified and authenticated, and maybe that would give me the assurance that it's real"); (Plf Dep. 92:19 to 93:3) ("You're alleging that I sent [checks for annual account maintenance] fees. You're alleging that it's my signature that sent the fees [*sic*]. There is no evidence that you have presented other than trying to get me to admit to something that I cannot admit").

**LEGAL DISCUSSION**

The Seventh Circuit has long instructed "that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). *Accord Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("the Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure") (citing *McNeil*). And as Provident has already noted, Plaintiff is no run-of-the-mill *pro se* litigant. *See, e.g., Knapp v. Compass Minnesota, LLC*, 2024 WL 2832502 at * 11, n. 5 (D. Minn. June 2, 2024) ("Kimbrough has also been previously warned by other courts to cease his attempts to engage in the unlicensed practice of law, which he has done in both state and federal courts") (collecting cases). Simply put, to the extent any latitude is warranted due to Plaintiff's *pro se* status, it is vanishingly little.

Rule 30(d)(2) authorizes the court to "impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 37(a)(3)(B)(i) permits motions to compel deposition testimony when "a deponent fails to answer a question asked under Rule 30[.]" Rule 37(a)(4), in turn, provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Under these Rules, Provident is entitled to the relief it seeks – namely, an order compelling Plaintiff's continued deposition before a Court-appointed Special Master, or alternatively dismissal of Plaintiff's Complaint, together with an award of Provident's fees and costs. *Cf. DJM Logistics, Inc. v. FedEx Ground Package System, Inc.*, 39 F.4th 408 (7th Cir. 2022) (affirming dismissal of pro se complaint and awarding costs on appeal, noting "Latitude with a pro se plaintiff can be limited, and patience can be exhausted, in the face of persistent violative conduct" and "the district court have done more than admonish [plaintiff]. FedEx Ground could have been awarded its reasonable attorneys' fees").

It is beyond dispute that Plaintiff purposefully gave evasive and incomplete responses to scores of the questions posed to him at deposition. As discussed above, Plaintiff repeatedly equivocated on

simple questions about events central to his claims and as to which he is plainly a first-hand witness, such as whether he had received certain key documents from Provident. *See, e.g.,* (Plf Dep. 90:8-16; 97:17 to 98:2; 100:4-14).

Plaintiff's refusal to acknowledge or categorically deny his own handwriting and signature is equally violative of the Rules. It is axiomatic that testimony of a knowledgeable witness "that an item is what it is claimed to be" is a proper means of authentication under Rule of Evidence 901. Without doubt, "is this your signature" is a question posed to deponents at least as frequently as the opening inquiry whether they swear to testify truthfully. And when Plaintiff believed that acknowledging his signature would serve his purposes, he readily did so. *See, e.g.,* (Plf Dep. 52:2-21) (acknowledging signature on "Affidavit of Damages"). When Plaintiff viewed the document as a threat to his claims, however, he launched into speculative accusations of forged signatures fabricated with computer tricks or cut and pasted from unspecified court dockets. *See, e.g.,* (Plf Dep. 34:2 to 36:1; 61:1-12).

Moreover, all of this was <u>after</u> Plaintiff had squandered significant time lodging lengthy, irrelevant, haranguing objections. Before the substantive deposition had even gotten underway, Plaintiff insisted on interposing his *three-and-a-half page* "general objection," threatening to derail the deposition if he was not permitted to do so. (Plf Dep. 11:11 to 16:3). Thereafter, roughly every five minutes throughout the entire deposition, Plaintiff recited a lengthy and inapposite speaking objection – despite counsel's <u>twice</u> offering to operate under a standing objection – for the admitted and improper purpose of trying to have the deposition take "all the time in the world." (Plf Dep. 20:15 to 21:8).

As noted above, Rule 37(a)(3)(B)(i) expressly authorizes motions to compel deposition testimony where "a deponent fails to answer a question asked under Rule 30[.]" Rule 37(a)(4) further stipulates that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 30(d)(2) authorizes the imposition of "an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or

frustrates the fair examination of the deponent."  Plaintiff's purposeful misconduct during his abortive July 8 deposition entitles Provident to relief under these Rules.

Provident respectfully requests that the Court enter an Order compelling Plaintiff to appear for the continuation of his deposition and answer the questions posed to him in a complete, non-evasive, and honest fashion without engaging in the same misconduct he displayed on July 8.  Because Plaintiff has shown himself incapable of doing so without real-time supervision, Provident asks that the Court appoint a Special Master of the Court's selection to personally supervise the deposition and ensure Plaintiff's compliance with his discovery obligations.  The deposition will, of course, need to be conducted in person, and as such Provident asks that the Court direct the deposition to occur in a hotel conference center in the Kokomo area.  Because all of this has been necessitated by Plaintiff's own recalcitrance, Provident respectfully requests that these otherwise needless costs be borne by Plaintiff, and further requests an award of the fees and expenses Provident has incurred in connection with this application.

Alternatively, Provident respectfully requests that the Court dismiss Plaintiff's Complaint, in its entirety and with prejudice, as an appropriate sanction under the Rules.

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on November 24, 2025, the foregoing *Memorandum of Law* was: (1) filed with the Clerk of the Southern District of Indiana using the CM/ECF system and (2) served upon pro se Plaintiff via US Mail and email at the following address:

> Joey Kimbrough
> 1712 Candy Court South
> Kokomo, IN  46902
> Joeykokomo2002@yahoo.com
>
> *Pro se Plaintiff*


  /s/ Michael J. Slocum