UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

**FILED**

**11/24/2025**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Kristine L. Seufert, Clerk**

JOEY KIMBROUGH,

*Plaintiff,*

v.

PROVIDENT TRUST GROUP, LLC,

*Defendant*.

Case No. 1:25-cv-00342-JRS-MJD

Honorable Judge James R. Sweeney II
Magistrate Judge Mark J. Dinsmore

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL [Dkt. 65]**

COMES NOW, the Plaintiff, Joey Kimbrough, appearing pro se, and pursuant to the Federal Rules of Civil Procedure, respectfully submits this Response in Opposition to Defendant's Motion to Compel [Dkt. 65]. For the reasons set forth herein, Defendant's Motion should be denied in its entirety. In support of this response, Plaintiff states as follows:

**I. FAILURE TO COMPLY WITH LOCAL RULE 37-1**

Local Rule 37-1(a) mandates that parties must confer in good faith before involving the Court in discovery disputes. Further, subsection (b) requires any motion raising such a dispute to include "*a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties.*"

**Defendant's Motion [Dkt. 65] does not contain this required certification**, nor does it allege any actual good faith conference (*emphasis added*). Moreover, during the July 8, 2025, deposition, Plaintiff explicitly stated:

"*I'm going to put a general objection on the record prior to us getting going. And if you have a concern with that, I would ask that we call Magistrate Dinsmore.*" (See Dkt. 65, pg. 4)

Rather than contacting the Court as allowed under *Local Rule 37-1(a)*, Defendant's counsel opted to continue the deposition. They cannot now claim prejudice when they disregarded the rule's mechanism for timely judicial intervention.

## II. PLAINITFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S PRELIMINARY STATEMENT

Defendant's Preliminary Statement is not only exaggerated but materially misrepresents the conduct of Plaintiff during the July 8, 2025, deposition. Plaintiff did not "*flout*" his obligations under *Rule 30(d)(2)*; rather, Plaintiff acted within his rights to object to improper lines of questioning, preserve the record, and request clarification when needed.

To begin, Plaintiff was not informed in advance that formal identification would be required to proceed with the deposition. Despite this, Plaintiff promptly contacted his spouse and retrieved his passport, demonstrating cooperation and good faith. Defendant's failure to notify Plaintiff of this requirement in advance reflects a lack of preparedness—not willful misconduct by Plaintiff.

Furthermore, Defendant's assertion that Plaintiff refused multiple offers to proceed under a standing objection is misleading. The deposition transcript reflects that Defendant's counsel suggested such an arrangement; however, Plaintiff never agreed to waive his right to object, particularly where objections were necessary to preserve the integrity of the record or to challenge foundational assumptions in questioning.

The claim that Plaintiff offered "*fantasies*" about forged documents is a deliberate mischaracterization. Plaintiff merely exercised his right to demand proper authentication of documents, particularly where Defendant offered no affidavit, witness testimony, or evidentiary foundation for critical exhibits. This is a reasonable and standard request under the Federal Rules of Evidence, particularly *Rule 901*, and does not amount to obstruction.

Additionally, Defendant's characterization that Plaintiff failed to testify about receiving certain communications is both inaccurate and unfair. Plaintiff stated that he could neither confirm nor deny receiving specific documents without proper evidence of delivery, such as certified mailing or acknowledgment. These responses reflect Plaintiff's honesty and diligence— not evasion.

In sum, Defendant's Preliminary Statement is a distortion. The record shows that Plaintiff participated in good faith, raised lawful and necessary objections, cooperated with identification procedures, and responded truthfully within the limits of his memory and available evidence. The Court should reject the inflammatory and unsupported accusations levied in Defendant's motion.

## III. RESPONSE TO ALLEGATIONS REGARDING DEPOSITION CONDUCT

Defendant's allegations regarding Plaintiff's conduct during the July 8, 2025 deposition are significantly exaggerated, legally inaccurate, and intentionally misleading. The Defendant seeks to portray assertive and procedurally protective behavior as obstruction, while ignoring Plaintiff's lawful exercise of rights under the Federal Rules of Civil Procedure and Rules of Evidence.

Plaintiff's general objection at the beginning of the deposition was not obstructionist, but rather a legitimate procedural step to preserve objections on the record. Contrary to Defendant's portrayal, Plaintiff offered to involve Magistrate Judge Dinsmore at the outset if defense counsel had concerns—a clear indication of Plaintiff's intent to proceed transparently and cooperatively.

Plaintiff's invocation of constitutional rights and rules of professional conduct stemmed directly from concerns about authentication, representation, and proper procedure. These concerns were not designed to frustrate the deposition but to protect the integrity of the record and ensure fairness—particularly critical given Plaintiff's pro se status.

The claim that Plaintiff refused to identify documents or signatures is a misrepresentation. Plaintiff consistently stated that certain documents "appear" to be his but properly requested formal authentication per *Federal Rule of Evidence 901*. Plaintiff is not obligated to waive foundational requirements simply to expedite Defendant's examination.

With regard to Plaintiff's answers to routine questions (e.g., education, organizational membership, account communication), Plaintiff responded consistently and truthfully. The transcript shows that objections were often legal in nature and followed by substantive answers. Defense counsel's impatience with these objections does not convert them into misconduct.

Moreover, Defendant's selective citation of transcript excerpts omits critical context— including Plaintiff's compliance with identification requests, willingness to proceed, and cooperative tone. The deposition was not halted due to Plaintiff's misconduct but due to Defendant's strategic decision to abandon the proceeding and escalate to judicial intervention.

Defendant's Motion should not be a vehicle for dramatizing discovery as a litigation tactic. Plaintiff participated in good faith and remains committed to fulfilling his obligations, provided his rights are respected in accordance with federal procedure.

## IV. PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S LEGAL ARGUMENT AND SANCTIONS REQUEST

Defendant's legal discussion distorts the standard for pro se litigants, misapplies Rules 30 and 37, and wrongly asserts that Plaintiff's conduct justifies sanctions or dismissal. Plaintiff addresses these contentions point-by-point below.

### A. Pro Se Litigants and Procedural Compliance

It is true that pro se litigants must comply with procedural rules. However, this principle does not strip pro se parties of their right to protect themselves from improper or unsupported discovery tactics. Defendant relies heavily on citations like *Pearle Vision*, *McNeil*, and *Cady*, which reiterate the baseline duty of procedural compliance—but Plaintiff did not violate any procedural rule. Plaintiff participated in the deposition, responded to questions, and asserted rights and objections in accordance with the Federal Rules.

What Defendant seeks is not equal enforcement of procedure but a double standard— where Plaintiff's legitimate demands for authentication, clarity, and constitutional protections are dismissed as obstruction, while Defendant's failure to authenticate documents or respond to objections is ignored.

### B. Rules 30 and 37 Do Not Support Defendant's Sanctions Demand

Defendant misapplies *Rule 30(d)(2)* and *Rule 37*. *Rule 30(d)(2)* allows for sanctions only when a deponent impedes, delays, or frustrates the fair examination—not where the deponent lawfully objects or refuses to make legal admissions on unverified documents.

Similarly, under *Rule 37(a)(3)(B)(i)*, a motion to compel is proper only when a deponent fails to answer a question. Plaintiff did not refuse to answer; rather, he answered carefully, or in some cases, stated that he could not confirm a fact without proper evidence. This is not evasiveness—it is truthful qualification.

*Rule 901* of the Federal Rules of Evidence requires that documents be authenticated before being accepted as genuine. Defendant's deposition questions often sought to bypass this safeguard by compelling Plaintiff to admit authenticity without foundation. Plaintiff properly declined to do so and repeatedly requested that Defendant produce an affidavit or proper proof of authenticity—requests which Defendant ignored.

**C. Plaintiff's Statements on Documents Were Accurate and Cautious, Not Evasive**

Plaintiff's comments that a signature "*appears to be*" his, but cannot be confirmed without authentication, were legally sound. Plaintiff is entitled to request foundational evidence, especially given the stakes of this case. Defendant's assertion that Plaintiff acknowledged his own signature "*when it suited him*" is inaccurate and misleading. Plaintiff acknowledged his signature when he could do so with certainty and requested authentication only where doubt was reasonable.

Moreover, Plaintiff never fabricated claims of document tampering—he noted that digital manipulation is possible in today's technological environment and simply required Defendant to meet their burden of proof, which they refused to do.

**D. Defendant's Request for a Special Master and Sanctions Is Disproportionate and Unjustified**

Appointing a Special Master to supervise Plaintiff's deposition, or conducting the proceeding at Plaintiff's expense, is an extreme and disproportionate remedy. Plaintiff is a private individual with limited resources, acting in good faith. He has demonstrated willingness to appear, to answer questions, and to comply with rules—so long as his rights are also respected.

The *DJM Logistics* case cited by Defendant involved persistent and egregious misconduct. That case bears no resemblance to the present situation, where Plaintiff has not been sanctioned before, and where the record reflects both cooperation and procedural awareness.

Finally, dismissal of Plaintiff's Complaint with prejudice is entirely unwarranted. The *Seventh Circuit* holds that dismissal is a last resort, reserved for bad faith or repeated defiance of court orders. Defendant has made no showing that Plaintiff violated a court order or acted in bad faith—only that he exercised caution and protected his legal rights during discovery.

**V. REQUEST FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **DENY Defendant's Motion to Compel [Dkt. 65] in its entirety**;

2. **FIND that Defendant failed to comply with Local Rule 37-1(a) and (b)**;

3. **Grant such other and further relief as the Court deems just and proper.**

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## Certificate of Service

I, Joey Kimbrough, hereby certify that on November 24, 2025, a true and correct copy of the foregoing *PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL [Dkt. 65]* was filed with the United States District Court for the Southern District of Indiana and served upon all registered counsel via the Court's CM/ECF electronic filing system.

**Distribution:**

All ECF-registered counsel of record

Respectfully Submitted,
*/s/ Joey Kimbrough*