**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOEY KIMBROUGH,<br><br>                    Plaintiff,<br><br>*vs.*<br><br>PROVIDENT TRUST GROUP, LLC,<br><br>                    Defendant. | **Civil Action No. 1:25-cv-00342-JRS-MJD** |

<u>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL SUPERVISED DEPOSITION OF PLAINTIFF
OR ALTERNATIVELY TO DISMISS COMPLAINT AND FOR FEES**</u>

Dated: December 1, 2025            PROVIDENT TRUST GROUP LLC

By:   <u>*/s/*</u>                        

          Robert H. Bernstein (*pro hac vice*)
          Michael J. Slocum (*pro hac vice*)
          Greenberg Traurig, LLP
          500 Campus Drive, Suite 400
          Florham Park, NJ  07932
          Tel: (973) 360-7900
          bernsteinrob@gtlaw.com
          slocumm@gtlaw.com
          *Attorneys for Provident Trust Group, LLC*

Defendant Provident Trust Group, LLC ("Provident"), respectfully submits this Reply to Plaintiff Joey Kimbrough's Response in Opposition to Defendant's Motion to Compel [ECF No 66]. For the reasons discussed in Provident's moving papers and below, Provident's motion should be granted in full.

### 1.  The Court Has Already Found Provident Complied with Local Rule 37-1

Initially, Plaintiff's invocation of Local Rule 37-1 fails.  Plaintiff made the very same argument in opposition to Provident's July 15, 2025, letter requesting a conference to address his deposition misconduct.  *See* [ECF No. 51] at PageID # 319-321.  The Court has already rejected Plaintiff's argument under Local Rule 37-1, and expressly granted Provident leave to file its instant motion.  *See* Order entered November 12, 2025 [ECF No. 64] ("by filing the [July 15] request, Defendant has fulfilled its Local Rule 37-1 requirement, and Defendant may file whatever motion it feels is appropriate regarding the issues outlined in the request").  Plaintiff's argument under Local Rule 37-1 is thus meritless.

### 2.  Plaintiff Did Not Participate in the Deposition in Good Faith

Contrary to his self-serving assertions, Plaintiff's conduct at the abortive deposition was not a demonstration of good faith.  At practically every turn, Plaintiff sought to obstruct legitimate lines of questioning and – by his own admission – prolong the proceedings for "all the time in the world."

Among the more egregious of Plaintiff's obstructionist tactics was his repeated and misguided demand that Provident authenticate documents before he would acknowledge them.  As detailed in Provident's moving brief, Plaintiff repeatedly (albeit selectively) refused to acknowledge his own signature, arguing that "it's not been authenticated, it's not certified from the defendant."  (Plf Dep. 34:12 to 35:2).  *See, e.g.,* (Plf Dep. 35:19-21) ("I am not going to authenticate or certify anything"); (Plf Dep. 38:8-12) ("And your client has not put forward anything to certify or authenticate that this is anything other than a fabrication of something that you guys are trying to create"); (Plf Dep. 69:6-20) ("Now, your client can send this certified and authenticated, and maybe that would give me the assurance that it's real.

- 2 -

But you putting something on the screen and asking me to deny or not is not going to get me to change that answer"). As Provident explained in its moving papers, asking the individual who signed a document to authenticate his own signature is entirely proper under the Rules of Evidence.

Plaintiff next tries to defend his persistent imposition – roughly once every five minutes – of long, meandering objections on the grounds that they merely tried Provident's patience. Plaintiff ignores Rule 30(c)(2)'s directive that any "objection must be stated concisely in a nonargumentative and nonsuggestive manner." In short, regardless how patient Provident and its counsel may have been – and the transcript demonstrates their patience – Plaintiff's repeated assertion of lengthy and argumentative objections was improper.

Finally, Plaintiff mischaracterizes his preliminary insistence on asserting a lengthy "general objection" before allowing the deposition to proceed. Plaintiff made clear he intended to object to individual questions throughout the deposition, but also demanded that even before the deposition begin in earnest, he be afforded the opportunity to grandstand. There was nothing substantively appropriate about Plaintiff's general objection, not least his accusations that Provident and its counsel may be engaged in violation of criminal statutes and/or professional ethics rules. Moreover, Plaintiff's suggestion of calling the Court was plainly not a good faith effort – as Plaintiff now contends – to "proceed transparently and cooperatively." *See* [ECF No. 66] at PageID # 416. It was a threat to sideline the entire deposition unless and until the Court could be reached to rule on the issue.

### 3. Appointment of a Special Master Is Entirely Proper and Necessary Here

It may be, to give Plaintiff the benefit of the doubt, that Plaintiff misunderstands the rules of a deposition – in particular, his evident belief that Provident must first independently authenticate every document before asking Plaintiff to testify about it.[1] Even if that is the case, however, it does not excuse

---

[1] Importantly, it is hardly clear that Provident's doing so would alleviate Plaintiff's purported concerns. *See, e.g.,* (Plf Dep. 69:6-20) ("Now, your client can send this certified and authenticated, and maybe that

his non-compliance with them, particularly when counsel explained the rules (over and over).  This is precisely the reason Provident asks for a neutral Special Master – to supervise the proceedings, explain to Plaintiff his obligations as a witness, and ensure Plaintiff complies with those obligations.

Moreover, Plaintiff himself stands to benefit from the supervision of a Special Master.  Plaintiff professes his readiness to proceed with the deposition "provided his rights are respected in accordance with federal procedure."  *See* [ECF No. 66] at PageID # 417.  A Special Master would be able to ensure that Plaintiff's rights are given equal consideration as Provident's rights throughout the process.

In short, there is nothing disproportionate or unjustified in appointing a Special Master here.  To the contrary, it is entirely reasonable and in the best interests of both the parties and of judicial economy.  Nor are sanctions inappropriate, given Plaintiff's misbehavior – which, based upon his opposition, he would likely continue otherwise.  For these reasons, and those set out in its moving papers, Provident respectfully asks that its motion be granted.

---

would give me the assurance that it's real").  More likely, Plaintiff would simply manufacture another excuse to avoid providing direct testimony.

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on December 1, 2025, the foregoing *Reply Memorandum of Law* was: (1) filed with the Clerk of the Southern District of Indiana using the CM/ECF system and (2) served upon pro se Plaintiff via US Mail and email at the following address:

> Joey Kimbrough
> 1712 Candy Court South
> Kokomo, IN 46902
> Joeykokomo2002@yahoo.com
>
> *Pro se Plaintiff*

/s/

Michael J. Slocum

- 5 -