**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

JOEY KIMBROUGH,

                Plaintiff,

*vs.*

PROVIDENT TRUST GROUP, LLC,

                Defendant.

**Civil Action No. 1:25-cv-00342-JRS-MJD**

<br>

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RECONSIDERATION**

<br>

Dated: January 14, 2026        PROVIDENT TRUST GROUP LLC

By:   _/s/_

    Robert H. Bernstein (*pro hac vice*)
    Michael J. Slocum (*pro hac vice*)
    Greenberg Traurig, LLP
    500 Campus Drive, Suite 400
    Florham Park, NJ  07932
    Tel: (973) 360-7900
    bernsteinrob@gtlaw.com
    slocumm@gtlaw.com
    *Attorneys for Provident Trust Group, LLC*

Defendant Provident Trust Group, LLC ("Provident"), hereby respectfully moves, pursuant to Federal Rule of Civil Procedure 59(e), for reconsideration of the Court's December 17, 2025, Order [ECF No. 70] ("Remand Order") remanding *Pro Se* Plaintiff Joey Kimbrough's ("Plaintiff") complaint to the Circuit Court of Howard County, Indiana.  For the reasons discussed below, the Court should vacate the Remand Order and reassert its diversity jurisdiction over this matter.

## PRELIMINARY STATEMENT

The sole question at issue on this motion is whether Provident adequately demonstrated diversity of citizenship, vesting this Court with subject matter jurisdiction under 28 U.S.C. § 1332. Despite Provident's submission of sworn declarations explaining its ownership structure and the citizenship of its once-removed parent company, Ascensus Holdings, Inc., the Court concluded that Provident had not identified that company's principal place of business, and so remanded.

The Court's conclusion is based upon a faulty premise – the assumption that Ascensus Holdings, Inc., has a principal place of business.  In reality, it does not.  As explained in the accompanying Declaration, Ascensus Holdings, Inc., is a holding company – it engages in no operational activities, and so does not have a principal place of business.  By assuming otherwise, the Court based the Remand Order upon a faulty factual premise, warranting reconsideration.

For these reasons and as further described below, pursuant to Fed. R. Civ. P. 59(e), Provident respectfully requests that this Court reconsider its Remand Order, reassert its diversity jurisdiction, and permit this matter to proceed on its merits in this Court.

## LEGAL DISCUSSION

### I.    STANDARD OF REVIEW

A motion to reconsider is analyzed under Federal Rule of Civil Procedure 59(e).  *See Coe v. Mortgage Electronic Registration Systems, Inc.*, 2025 WL 2459257, at * 2 (S.D. Ind. Aug. 27, 2025). Relief under Rule 59(e) is warranted to correct, among other things, manifest judicial errors of fact.

1

*Id.* (collecting cases).  *See also, Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)

(citing *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)).  Here, because

the Remand Order was based solely upon a mistaken factual assumption, reconsideration is warranted.

**II.      THIS COURT HAS, AND SHOULD ASSERT, DIVERSITY JURISDICTION**

Provident has repeatedly established, by sworn statements, the facts supporting its assertion

that it is not a citizen of Indiana.  *See* [ECF Nos. 56-1 and 59-1].  To reiterate, Provident is a limited

liability company organized and operating under the laws of the State of Nevada. Provident's sole

member is Ascensus, LLC, which is itself a limited liability company organized and operating under

the laws of the State of Delaware.  Ascensus, LLC's sole member is Ascensus Holdings, Inc., which

is a corporation organized and existing under the laws of the State of Delaware.  *Id.*

In its most recent Declaration, Provident's witness attested that Ascensus Holdings, Inc. "does

not have a principal place of business in the State of Indiana."  [ECF No. 59-1] at ¶ 4.  The Court

found this insufficient to establish diversity, reasoning that Provident did not affirmatively assert

where Ascensus Holdings, Inc., does maintain a principal place of business.  This reasoning flows

from a counter-factual assumption that Ascensus Holdings, Inc., maintains a principal place of

business.  As explained in the accompanying Declaration, this is untrue.  Specifically:

> Ascensus Holdings, Inc., is a holding company, and its sole purpose is to hold 100% of the membership interest in Ascensus, LLC.  Ascensus Holdings, Inc., does not employ any workforce, does not manufacture goods or offer any commercial services, nor does it otherwise engage in any sort of operational business activities. As such, **Ascensus Holdings, Inc., does not have or maintain a principal place of business**, for the simple reason that it does not engage in any operational business activities.  …  **Ascensus Holdings, Inc., does not have or maintain a principal place of business in any state**.

*See* Declaration of Rebecca Kraut at ¶¶ 5-6 (emphasis added)

Put differently, Provident could not have identified the state where Ascensus Holdings, Inc.'s

principal place of business is located, because there is no such location in *any* state.  Plaintiff's

anticipated arguments that Provident should be faulted for not identifying a non-existent location of a non-existent principal place of business thus fail. *See, e.g., Belijar Ltd. v. Sandelman*, 2025 WL 2016723, at * 3 (S.D. Fla. July 18, 2025) ("this Court concludes that Belijar, a holding company, has no principal place of business and is therefore solely a citizen of … its state of incorporation. A company which does not engage in any business activity has no principal place of business") (footnote omitted) (collecting cases); *Centcorp Investments, Ltd. v. Folgueira*, 2014 WL 12584298, at * 2 (S.D. Fla. Sept. 4, 2014) (concluding that holding company with no active business activities "has no principal place of business and its citizenship is controlled by its place of incorporation or formation") (relying upon *Holston Investments, Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068 (11th Cir. 2012) and *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693 (3rd Cir. 1995)); *Helix Investment Management, LP v. Privilege Direct Corp.*, 364 F.Supp.3d 1343, 1349 (M.D. Fla. 2019) (citing *Centcorp*). It likewise bears reiteration that Plaintiff's continued challenges to this Court's jurisdiction fly in the face of his contractual agreement to be subject to jurisdiction in federal court. *See* [ECF No. 69-4] at ¶ 8.18.

Provident has repeatedly established, via sworn declaration, that Ascensus Holdings, Inc., is a holding company organized and existing under the laws of the State of Delaware. Provident has also established that, because Ascensus Holdings, Inc., is strictly a holding company with no business activities, it has no principal place of business as a matter of law. This Court's Remand Order was thus based upon a factually erroneous assumption, warranting reconsideration.

## CONCLUSION

For the foregoing reasons, Defendant Provident respectfully requests that the Court grant its motion to reconsider the Remand Order pursuant to Federal Rule of Civil Procedure 59(e) and reassert its diversity jurisdiction.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on January 14, 2026, the foregoing *Motion for Reconsideration* was: (1) filed with the Clerk of the Southern District of Indiana using the CM/ECF system and (2) served upon pro se Plaintiff via US Mail and email at the following address:

> Joey Kimbrough *(Pro se Plaintiff)*
> 1712 Candy Court South
> Kokomo, IN 46902
> Joeykokomo2002@yahoo.com

Dated: January 14, 2026                    **GREENBERG TRAURIG, LLP**

By:  */s/ Michael J. Slocum*
Robert H. Bernstein (pro hac vice)
Michael J. Slocum (pro hac vice)
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Tel: (973) 360-7900
bernsteinrob@gtlaw.com
slocumm@gtlaw.com
*Attorneys for Provident Trust Group LLC*